**BRAZOSPORT BANK OF TEXAS et al., Appellants,**

v.

**John TRAVIS, Appellee.**

**No. A2586.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 13, 1981.

Rehearing Denied June 24, 1981.

W. Edwin Denman, George T. Wommack, Jr., Frank L. Mauro, Wommack & Denman, Lake Jackson, for appellants.

John D. Gilpin, Payne, Gilpin, Maynard & Parsons, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and MURPHY, JJ.

MURPHY, Justice.

This is an appeal from a judgment whereby: 1) Appellants, Brazosport Bank of Texas (hereafter Bank) and Jim Meadows, as Trustee, were permanently enjoined from foreclosing on a Deed of Trust given by Appellee to secure a Guaranty Agreement signed by Appellee as Guarantor and to secure payment of a note in the original amount of $175,000, and 2) the Deed of Trust was declared null and void. While the judgment of the court below does not expressly address the counter-claim of the Appellants in which they sought a money judgment for the balance due and owing on the note and accrued interest and judicial foreclosure of its Deed of Trust Lien, the court did deny all other relief not expressly granted.

On March 22, 1978 the Bank loaned C.I.C., Inc. $175,000 as evidenced by a promissory note of that date, signed by Robert C. Kiefer, as president of the company. On the same date Appellee signed a Limited Guaranty Agreement guaranteeing payment of that note, and gave a Deed of Trust conveying property situated in Brazoria County to secure payment of the note and to secure the Guaranty Agreement. One payment of $30,000 was made on the note prior to its maturity, and the amount of the indebtedness was reduced to $145,000 plus accrued interest. Prior to the date of maturity Appellee sought to have the note renewed. On September 18, 1978 the note was renewed in the reduced amount and extended for one year.

The trial court found as a matter of law Appellee gave a limited guaranty agreement which did not continue to any renewal or extension of the indebtedness without his consent, authorization or ratification. The jury found Appellee did not consent to, authorize or ratify the renewal and extension of the note.

Appellants urge in their first two points of error that the court erred in submitting special issue numbers 1 & 2 to the jury regarding the consent and authorization of

Appellee to the renewal of the note because as a matter of law Appellee gave his consent and authorization in advance to the note's renewal and extension. We agree.

The limited Guaranty Agreement signed by Appellee expressly provides: "This guaranty is an absolute, completed and continuing one as to and only as to, the payment of the above described note according to its tenor, face, reading and effect." We read this provision as incorporating into the Guaranty Agreement, the note "according to its tenor, face, reading and effect." In order to determine the extent of the liability of a guarantor on a note, the terms of the note must be examined, for by the guaranty he agrees to pay the note according to its terms. *Hopkins v. First National Bank of Brownsville*, 551 S.W.2d 343 (Tex.1977). The note by its express terms provides any extension or renewal will not affect the liability of any of the co-makers or guarantors. We hold by the terms of the Guaranty Agreement and the note the Appellee gave his consent in advance to *any* extension or renewal.

Appellee urges that "any renewal, extension" as provided in the note must be interpreted in light of Tex.Bus. & Com.Code Ann. § 3.118(6) (Vernon 1968), which provides that unless otherwise specified such consent to extension authorizes a single extension for not longer than the original period. We hold the terms of the note to have "otherwise specified" any renewal or extension of whatever duration.

Appellee also contends the Guaranty Agreement signed by him is limited as evidenced by the caption at the top of the instrument and by the provision that the guaranty is an "absolute, completed and continuing one as to, and only as to, the payment of the above described note." Appellee would have us construe the caption and quoted language as limiting the liability of the guarantor to the original note and that note only, and the guarantor would not be liable for payment if the note should be renewed and extended. We cannot do so.

The Guaranty signed by Appellee is limited only insofar as the right of recovery under the Guaranty is not intended to include other indebtedness of C.I.C., Inc. Renewal and extension of the original note does not extinguish the original indebtedness absent an express intent to that effect. *Chapman v. Crichet*, 127 Tex. 590, 95 S.W.2d 360 (1936). Therefore the guaranty is continuing as to that note as extended and renewed. Appellants' first two points of error are sustained.

We hold as a matter of law Appellee consented in advance to the extension and renewal of the promissory note. The judgment of the court below is reversed. Appellants, counter-plaintiffs below, are entitled to judgment in the amount of $154,570 plus interest on that amount at the highest rate allowed by law from September 19, 1979 until paid, and for attorneys' fees in the amount as found by the jury. But due to the state of the record we are unable to calculate the amount of such interest. Therefore this case is remanded with instructions that the trial court render judgment for the counter-plaintiffs in the amounts receipted herein, after determining the amount of additional interest due and owing under the terms of the promissory note.