**FIRST INTERSTATE BANK OF TEXAS, N.A., Appellant,**

v.

**James C. TURNER, Appellee.**

**No. 9786.**

Court of Appeals of Texas, Texarkana.

April 24, 1990.

Rehearing Denied June 5, 1990.

James H. Pearson, David Waddell, Shannon & Ustick, Houston, for appellant.

Jerry V. Walker, Houston, for appellee.

BLEIL, Justice.

First Interstate Bank of Texas appeals from a summary judgment directing that it take nothing in its suit against James Turner. The Bank complains that the trial court erred in granting Turner's motion for summary judgment and in denying its motion for summary judgment. The Bank maintains that Turner is liable, under a letter of guaranty, for a debt owed to the Bank by a third party. We affirm the trial court's judgment.

The summary judgment evidence reflects that James Turner issued a letter of guaranty to the Bank on behalf of J.D. Richardson, Inc. This guaranty extended to a maximum aggregate principal amount of $444,789.00, and was executed on March 22, 1982. A commercial real estate note was prepared by the Bank and executed April 29, 1986, in the amount of $255,-750.33, with all principal and interest due on July 28, 1986. A Wilson well-servicing unit was furnished as collateral for the loan. The loan was obtained by J.D. Richardson, Inc., which was named as the borrower.

The loan for which the Bank seeks recovery either separately or as an alleged extension note is a commercial real estate note prepared on a similar form, which was executed on December 9, 1986, in the amount of $257,706.40. The interest rate is set at eleven percent, and the note was to reach maturity on June 8, 1987. A Wilson

well-servicing unit and a restaurant in Crane, Texas, and accompanying land were listed as collateral. The borrower is shown as J.D. Richardson. The attached payment sheet reflects that the borrower was J.D. Richardson. The deed of trust note was also executed on December 9, for the amount of the promissory note. On it, J.D. Richardson, individually, was the promisor and the sole signatory on this note as well.

▮ In a summary judgment review, we apply these standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether or not there is a disputed material issue of fact precluding a summary judgment, evidence favorable to the nonmovant will be taken as true; (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975). However, the failure of the appellee to discharge its burden on its motion would not necessarily entitle the appellant to a summary judgment on its motion, nor would the appellant be entitled to summary judgment simply because it negated the summary judgment proof offered by the appellee. *Rio Bravo Oil Co. v. Hunt Petroleum Corp.*, 455 S.W.2d 722, 727 (Tex.1970). Since both parties moved for summary judgment, all the evidence accompanying both motions should be considered in deciding whether or not to grant either party's motion. *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 605 (Tex.App.–San Antonio 1984, writ ref'd n.r.e.).

▮ In a suit on a guaranty instrument, a court may grant a summary judgment only if the right to it is established in the record as a matter of law. *Western Bank–Downtown v. Carline*, 757 S.W.2d 111, 114 (Tex.App.–Houston [1st Dist.] 1988, writ denied). If the instrument is worded so that it can be given a definite legal meaning, it is unambiguous, and the court will construe the contract from its

face as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). In interpreting a guaranty agreement, the rule of *strictissimi juris* applies. That is, the agreement must be strictly construed and will not be extended beyond its precise terms by either construction or implication. *Vastine v. Bank of Dallas*, 33 Tex.Sup. Ct.J. 301, 1990 WL 20546 (Mar. 10, 1990); *Reece v. First State Bank of Denton*, 566 S.W.2d 296, 297 (Tex.1978); *Glasscock v. Console Drive Joint Venture*, 675 S.W.2d 590 (Tex.App.–San Antonio 1984, writ ref'd n.r.e.). It is well settled in Texas that a guarantor may rely and insist upon the terms and conditions of the guaranty being strictly followed, and if the creditor and principal debtor vary in any material degree from the terms of their contract, then a new contract has been formed and the guarantor is not bound to it. *Vastine v. Bank of Dallas*, 33 Tex.Sup.Ct.J. at 302.

▮ The guaranty agreement states that James Turner promises to pay debts incurred by J.D. Richardson, *Inc.* The document under which the Bank is now trying to collect is a debt which was incurred by J.D. Richardson as an individual.

The Bank now contends that the new document only reflects an extension of the previous loan to the corporation, and an officer of the Bank so stated in his affidavit. The documents are unambiguous; thus, parol evidence of any alleged different meaning is unnecessary and improper. In addition, there are no allegations of fraud that would permit parol evidence to be introduced in order to contradict the clear meaning of the four corners of the documents. *Schepps v. First Security National Bank of Beaumont*, 462 S.W.2d 341, 342 (Tex.Civ.App.–Beaumont 1970, writ ref'd n.r.e.).

Turner only guaranteed payment of debts incurred by J.D. Richardson, Inc. He is not liable for a debt incurred by any other individual or entity.

Our examination of the summary judgment evidence leads us to conclude that, under a strict construction of this instrument, James Turner only agreed to serve

as guarantor for the corporation and is not liable for a debt on which the only named borrower is an entirely different entity. Thus, the trial court properly granted summary judgment in favor of Turner. We affirm the judgment of the trial court.