Jerry L. **CHAMBERS**, Appellant,

v.

**NCNB TEXAS NATIONAL BANK**, Appellee.

No. A14–92–00322–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1992.

Allen B. Daniels, Houston, for appellant.

Matthew H. Hartzell, Houston, for appellee.

J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment. First RepublicBank San Felipe (Bank)[1] sued Jerry Chambers (appellant) on a guaranty agreement for payment of a promissory note. The appellant answered by general denial. The bank moved for summary judgment and the trial court granted the motion. On appeal, the appellant argues that fact issues existed as to: 1) whether the appellant could be held liable under the guaranty; and 2) whether the appellee was the assignee of First RepublicBank San Felipe. We affirm.

In May of 1987, appellant and his partner (Hidalgo) signed a promissory note for $31,000 on a loan made to their partnership, Hidalgo, Chambers & Co. The appellant signed a continuing guaranty agreement the same day. In April of 1988, the appellant and Hidalgo incorporated their business. In November of 1988, the note was renewed for $19,500. The maker of the renewed note was Hidalgo, Chambers & Associates, P.C. The appellant and Hidalgo signed the note as corporate officers. The note matured on February 13, 1989. A few weeks after the note became due, both Hidalgo, Chambers & Co. and Hidalgo,

---

1. Bank includes First RepublicBank San Felipe, N.A. and its successors in interest: First RepublicBank, N.A.; FDIC as Receiver; JRB Bank; NCNB Texas National Bank; and FDIC Corporate.

Chambers & Associates, P.C. filed for bankruptcy protection. In May of 1989, the bank sued the appellant for payment of the note under the guaranty.

■ The bank's motion for summary judgment included sworn copies of the promissory note sued upon and the guaranty agreement, a copy of the demand letter sent to the appellant, and an affidavit of one of the bank's officers. The evidence showed that no genuine issue of material fact existed and entitled the bank to judgment as a matter of law. *Taylor v. Fred Clark Felt, Co.*, 567 S.W.2d 863, 866 (Tex. Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Texas Airfinance Corp. v. Lesikar*, 777 S.W.2d 559, 562 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Nixon v. Mr. Property Management Inc.*, 690 S.W.2d 546, 548 (Tex.1985). The appellant had the burden of raising a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

### 1.

■ The appellant contends he is not personally liable on the note because the guaranty agreement only applied to the partnership debt. We disagree. By its own terms, the guaranty agreement applied to the initial loan of $31,000, and "all renewals or extensions thereof." The appellant argues that the note signed by the corporation was not a renewal or extension of the partnership note. The response to the summary judgment motion included the appellant's affidavit. It stated the note sued upon was not a renewal or extension of the partnership loan, but rather a "replacement" which paid off the earlier note and created a new obligation. The appellant's characterization of the note as a replacement rather than a renewal is without merit. It is undisputed that the proceeds of the note sued upon were applied to the initial loan to the partnership. The appellant admits this in his affidavit. Referring to the transaction as a replacement rather than a renewal does not raise a fact issue.

■ The appellant also contends the guaranty agreement only applied to the partnership's debt. He argues that when the note was "replaced" by the corporation, his personal liability was extinguished. The terms of the agreement control. It states that a change in the status of the debtor by "merger, consolidation *or otherwise*" does not alter the appellant's liability. (emphasis added). The appellant argues that if the agreement was intended to include a change of status by "incorporation," it would have included that word. We reject this argument. The language is clear and the appellant cannot create a fact issue by contesting the plain meaning of the agreement. *See Coker v. Coker*, 650 S.W.2d 391, 393–394 (Tex.1983).

The appellant relies on *First Interstate Bank of Texas v. Turner*, 791 S.W.2d 179 (Tex.App.—Texarkana 1990, writ denied). In that case, the guarantor agreed to pay the debts incurred by J.D. Richardson, Inc. The bank sued the guarantor to collect on a debt incurred by J.D. Richardson in his personal capacity. The bank argued that the note signed by J.D. Richardson was merely an extension of a note signed earlier by J.D. Richardson, Inc. Relying on the plain language of the note and the guaranty, the court found the guarantor was not liable. *Id.* at 181.

■ The present case is distinguishable in several respects. In *First Interstate*, the guarantor was a third party. In this case the guarantor signed the original note as a partner, and signed the renewal as a corporate officer.[2] In *First Interstate*, the guarantor promised to pay the debts incurred by a corporation. The court refused to extend liability to the guarantor for the personal debt of a corporate officer. In this case the guarantor promised to pay the debts incurred by his own partnership, Hidalgo, Chambers & Co. He now argues he cannot be liable for the debt incurred by his "new" business, Hidalgo, Chambers and Associates, P.C., because the maker of the renewed note was a different entity. In *First Interstate*, there was nothing in the

---

**2.** The appellant was liable on the original loan because partners are personally liable for part- nership debts. This liability existed even with- out the guaranty agreement.

note or the guaranty agreement which subjected the guarantor to liability for the debt. In this case the guaranty agreement stated that a change in the status of the debtor would not affect the guarantor's liability.

■ The appellant also relies on *Vastine v. Bank of Dallas*, 808 S.W.2d 463 (Tex. 1991). In *Vastine,* a third party guaranteed two promissory notes. The supreme court reversed a summary judgment against the guarantor. The guarantor's summary judgment evidence indicated the maker and the payee of the note materially altered the underlying loan agreement without the guarantor's consent. Since the evidence raised a fact issue, the summary judgment was reversed. The *Vastine* opinion protects guarantors from liability when there is a material alteration in the terms of the underlying agreement without their consent. The facts clearly differ from the present case. The only alteration of the agreement in this case was made by the guarantor himself, who signed the renewal note in his corporate capacity.

In spite of the distinctions, *First Interstate, Vastine* and the present case have one thing in common. All are controlled by the language of the underlying agreements. Both the *First Interstate* and *Vastine* opinions state that the terms of a guaranty agreement must be strictly construed. The guaranty agreement in this case is clear and unambiguous. A strict construction of the guaranty agreement establishes the appellant's liability as a matter of law. *Coker* at 393.

### 2.

■ The appellant also argues that the bank failed to prove it was the assignee of the promissory note and guaranty agreement. To deny the genuineness of the assignment, the appellant had to file a sworn denial. Absent a sworn denial, the validity of the assignment is fully proved. TEX.R.CIV.P. 93(8). He did not file one.

The trial court properly granted summary judgment because there was no issue of material fact, and the appellee was enti-

tled to judgment as matter of law. *Nixon,* 690 S.W.2d at 548.

AFFIRMED.