The **TRAVELERS INSURANCE COMPANY, Appellant,**

v.

James L. **BOSLER,** Christopher **Hashioka, Cameron Rottler, Jay S. Walker, Don C. Golightly, Jackie Woodfield, Suzanne Adkins, and Towne Lake Village Apartments, Ltd., Appellees.**

No. 2–94–147–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1995.

Rehearing Overruled Oct. 19, 1995.

Brian T. Morris, W. Mike Baggett, Winstead, Sechrest & Minick, P.C., Dallas, Randall Betty, Peebles, Betty & Brantley, Fort Worth, for appellant.

Beale Dean, Richard W. Wiseman, Larry W. Wilshire, Brown, Herman, Scott, Dean & Miles, L.L.P., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS and PAT McCLUNG (Retired), JJ.

## OPINION

PAT McCLUNG, Justice (Retired).

This is an appeal from a judgment awarding appellees $100,000 in attorneys' fees and from a declaratory judgment appellees obtained against appellant The Travelers Insurance Company (Travelers). The judgment made final the trial court's prior interlocutory order granting appellees' motion for partial summary judgment on their declaratory judgment claim and denying Travelers' motion for partial summary judgment on its deficiency claim against appellees as guarantors of a promissory note.

In eighteen points of error, Travelers complains that the trial court erred in granting appellees' motion and in denying Travelers' motion. We reverse the trial court's judgment in favor of appellees and render judgment in favor of Travelers on its deficiency claim against appellees.

### FACTUAL BACKGROUND

The summary judgment evidence in this case reflects the following undisputed facts:

On October 17, 1983, appellee Towne Lake Village Apartments, Ltd. (Towne Lake), by its general partner, appellee James L. Bosler, executed and delivered to Peoples Financial Mortgage Corporation (Peoples Financial) a promissory note (the 1983 Note) dated October 17, 1983, payable to Peoples Financial in the original principal amount of $11,-600,000 together with interest. The 1983 Note was secured in part by real property located in Dallas County where Towne Lake intended to and did construct an apartment complex.

As further security for the 1983 Note, appellees Bosler, Christopher Hashioka, Cameron Rottler, Jay S. Walker, Don C. Golightly, Jackie Woodfield, and Suzanne Adkins (the guarantors) executed a guaranty agreement (the 1983 Guaranty) dated October 17, 1983. In the 1983 Guaranty, the guarantors unconditionally and absolutely guaranteed the payment of all of the debts, obligations, and liabilities of Towne Lake related to the loan evidenced by the 1983 Note, including "any and all renewals, extensions and rearrangements" of it. The 1983 Guaranty provides that it "is a continuing guaranty and shall continue to apply without regard to the form or amount of indebtedness or obligation which Borrower [Towne Lake] may create, renew, extend or alter in whole or in part, without notice to Guarantor."

Also, the 1983 Guaranty provides that it is for the benefit of all the assignees of Peoples Financial and any holder of the indebtedness evidenced by the 1983 Note. On or before June 26, 1984, and effective as of October 17, 1983, the 1983 Note, the 1983 Guaranty, and all security for the loan evidenced by the 1983 Note were assigned by Peoples Financial to Peoples Heritage Federal Savings and Loan Association (Peoples Heritage).

On or about June 26, 1984, Towne Lake and Peoples Heritage executed a Modification and Restatement of Note (the Modification) in which the 1983 Note was modified and extended. The Modification contains the following nonrecourse provision:

8. *Limitation on Liability.* Neither Maker nor any of its general or limited partners shall have any personal liability for the payment of the principal of or interest on this Note or for any claim based on this Note, or the performance or observance of the covenants, representations, warranties or obligations contained in this Note or in any instruments securing this Note, and Payee and each holder of this Note agree to look solely to the security from time to time existing for the indebtedness evidenced by this Note for the payment or satisfaction of any claim hereunder or under any instrument now or hereafter securing this Note. Nothing herein contained shall be construed to prevent the holder of this Note or any part thereof from exercising and enforcing any of the remedies allowed at law or equity or by any statute or by the terms of any other security instrument of any kind now or hereafter securing the payment of this Note.

The guarantors each executed a second guaranty agreement (the 1984 Guaranty) dated June 26, 1984 in which the guarantors guaranteed the payment to Peoples Financial and its successors and assigns of all the indebtedness, obligations, and liabilities of Towne Lake relating to the loan evidenced by the 1983 Note, including "all amounts payable under or with respect to [the 1983 Note] as modified by the [Modification]." The 1984 Guaranty provides that it is "an additional guaranty to any and all other guaranties heretofore or hereafter executed and delivered ... and nothing herein shall ever be deemed to replace or be in lieu of any other such previous or subsequent guaranties." The 1984 Guaranty was amended by an Amendment to the Guaranty Agreement (the Guaranty Amendment) executed by each

of the guarantors and dated as of June 26, 1984.

On November 1, 1984, Travelers acquired a participation interest in eight loans owned by Peoples Heritage, including a 90% participation interest in the loan evidenced by the 1983 Note and the Modification (collectively the Note). Subsequently, Peoples Heritage was declared insolvent, and the Resolution Trust Corporation (the RTC) was appointed receiver for Peoples Heritage.

Towne Lake defaulted under the terms of the Note when it failed to pay certain installments when due. The RTC provided Towne Lake and the guarantors with notice of the defaults and with an opportunity to cure, and the RTC also made demand on Towne Lake and the guarantors for payment of all past due amounts. When Towne Lake and the guarantors did not cure the defaults within the time provided, the RTC accelerated the Note and declared the outstanding principal and all accrued but unpaid interest to be immediately due. Furthermore, the RTC gave Towne Lake and the guarantors notice of the acceleration and made demand upon them for immediate payment of the past due amounts. When Towne Lake and the guarantors did not pay the amounts demanded, the RTC posted the real property securing the Note for a June 2, 1992 foreclosure.

On May 29, 1992, Travelers purchased the Note from the RTC together with all of the RTC's rights, powers, title, and interest in the Note, the 1983 Guaranty, and the 1984 Guaranty, as well as in the deed of trust and the assignment of rents for the real property securing the Note. Travelers thus became the owner and holder of the Note, the beneficiary under the deed of trust, and the owner of the 1983 Guaranty and the 1984 Guaranty.

Several hours before Travelers purchased the Note, the 1983 Guaranty and the 1984 Guaranty on May 29, 1992, appellees filed this suit, seeking a declaratory judgment that neither Towne Lake nor the guarantors had any liability for the balance owed under the Note and the 1984 Guaranty. On June 2, 1992, Travelers foreclosed on the real property securing the Note. After applying all offsets, payments, and credits, including the foreclosure sale proceeds, the parties stipu-

lated in the trial court to a deficiency of $4,227,321.24 as of July 31, 1993, postforeclosure interest of $285,903.34 through July 31, 1993, plus interest continuing to accrue after July 31, 1993 at the per diem amount of $704.5535. Travelers filed a counterclaim to recover this deficiency.

## THE PARTIES' CLAIMS

Appellees Bosler, Hashioka, Rottler, Walker, Golightly, Woodfield, and Adkins, the guarantors under the 1983 Guaranty and the 1984 Guaranty, and appellee Towne Lake, the maker of the Note, brought this declaratory judgment action against Travelers. The appellees sought a declaratory judgment that they were not personally liable under the Note or the 1984 Guaranty because of the nonrecourse provision in the Modification. They also sought to avoid liability by alleging that, if there were any liability of Towne Lake to be guaranteed, the 1984 Guaranty only guaranteed liability to People's *Financial,* yet the payee of the Note was People's *Heritage.* Appellees further alleged that they had no personal liability because the 1984 Guaranty is ambiguous and because there was no consideration to support the 1984 Guaranty. Finally, appellees sought recovery of their attorneys' fees incurred in their suit.

In its counterclaim, along with its claims on the deficiency and for attorney's fees based on both guaranties, Travelers alternatively sued appellees for the deficiency based on just the 1983 Note and the 1983 Guaranty. Travelers also counterclaimed for breach of a net rental agreement, attorneys' fees for that claim, and conversion.

In their answer to Travelers' counterclaim, appellees defensively reasserted their claims of no consideration and ambiguity, and they also added the affirmative defenses of fraud and the four-year statute of limitations.

## THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Travelers filed a motion for partial summary judgment on its deficiency claim against appellees and on appellees' declarato-

ry judgment claim. Travelers' motion was based on the following grounds:

- the terms of the 1983 Guaranty and the 1984 Guaranty conclusively establish that the guarantors are personally liable to Travelers for the deficiency under the Note and for attorneys' fees;

- even if the 1984 Guaranty imposed no new obligation on the guarantors, they remain liable for the deficiency under the terms of the 1983 Guaranty;

- the guarantors' declaratory judgment claim that the nonrecourse provision in the Modification absolves them from personal liability fails as a matter of law;

- the guarantors' declaratory judgment claim that if there were any liability of Towne Lake to be guaranteed, the 1984 Guaranty only guaranteed liability to People's *Financial,* yet the payee of the Note was People's *Heritage,* fails as a matter of law;

- the guarantors' claim of no consideration for the 1984 Guaranty fails factually and as a matter of law under the *D'Oench Duhme* doctrine, 12 U.S.C. § 1823(e), and because of Travelers' status as at least a holder in due course under federal common law, and in any event, the guarantors remain liable under the 1983 Guaranty;

- any evidence offered by appellees to modify or explain the 1983 Note, the Modification, the 1983 Guaranty, and the 1984 Guaranty is barred by the *D'Oench Duhme* doctrine and the parol evidence rule, and any evidence of alleged oral misrepresentations made by representatives of Peoples Financial or Peoples Heritage is ineffective to preclude recovery under the *D'Oench Duhme* doctrine, 12 U.S.C. § 1823(e), and because of Travelers' status as at least a holder in due course under federal common law; and

- Towne Lake's declaratory judgment claim that it has no liability for the deficiency is moot because Travelers never sought to recover the deficiency from Towne Lake as the maker of the Note.

As a response to Travelers' motion, appellees filed their own motion for partial summary judgment on their declaratory judgment claim and on Travelers' deficiency claim. Appellees asserted the following specific grounds as reasons for granting their motion and for denying Travelers' motion:

- the nonrecourse provision in the Modification rendered the 1983 Guaranty ineffective against the guarantors;

- the 1984 Guaranty only guaranteed liability to People's *Financial,* yet the payee of the Note was People's *Heritage,* so the guarantors cannot be liable to Travelers;

- the 1984 Guaranty and the Guaranty Amendment are ambiguous;

- Travelers purchased a 90% participation interest in the Note from Peoples Heritage and a 10% participation interest in the Note from the *RTC,* so the *D'Oench Duhme* doctrine, 12 U.S.C. § 1823(e), and Travelers' status as a holder in due course under federal common law only apply, if at all, to Travelers' 10% participation interest acquired from the RTC;

- the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e) do not apply because the Modification and the 1984 Guaranty, by their own terms, show that the guarantors are not personally liable;

- the federal holder in due course doctrine is not applicable because the 1984 Guaranty and the Guaranty Amendment are not negotiable instruments;

- there was no consideration for the 1984 Guaranty and the Guaranty Amendment;

- the 1984 Guaranty and the Guaranty Amendment were procured by fraud and are thus unenforceable; and

- Travelers failed to prove the amount of the deficiency.

As an additional ground for denying Travelers' motion, appellees asserted in a supplemental response that Travelers' deficiency claim was barred by the four-year statute of limitations.

■ The trial court, without stating any grounds, granted appellees' motion for partial summary judgment and denied Travel-

ers' motion for partial summary judgment. The trial court also severed Travelers' breach of contract and conversion claims, which thus are not involved in this appeal.[1]

After an evidentiary hearing on appellees' attorneys' fees, the trial court awarded appellee Bosler $100,000 in attorneys' fees because he had paid all of appellees' attorneys' fees. This appeal followed.

### STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.*

In deciding whether there. is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). We must accept as true the uncontroverted evidence of the nonmovant. *Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of its causes of action or defenses as a matter of law. *City of Houston,* 589 S.W.2d at 678.

An order overruling or denying a motion for summary judgment is not a proper subject for appeal, *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980), but an exception exists when the trial court granted the opposing party's motion for summary judgment. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). Because the trial court granted appellees' motion and denied Travelers' motion, we will thus review both rulings and render judgment as the trial court should have. *Id.*

When reviewing a summary judgment granted on general grounds, the appellate court considers whether any theories set forth in the motion will support the summary judgment. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We will affirm the summary judgment "if any of the grounds asserted in support of the motion are meritorious." *Jenicke v. City of Forest Hill,* 873 S.W.2d 776, 779 (Tex.App.— Fort Worth 1994, no writ).

### EFFECT OF THE NONRECOURSE PROVISION

In its first two points of error, Travelers contends that the trial court erred in granting summary judgment for appellees based on the nonrecourse provision in the Modification. Travelers contends that the nonrecourse provision does not absolve appellees from liability in their capacity as guarantors for the deficiency under both the 1983 Guaranty and the 1984 Guaranty.

The nonrecourse provision provides that "[n]either Maker nor any of its general or limited partners shall have any personal liability for the payment of the principal or interest on this Note or for any claim based on this Note . . . ." We agree with the assertions by both Travelers and appellees that this provision is unambiguous. Thus, the primary dispute in this case is whether the nonrecourse provision in the Modification re-

---

1. A partial or interlocutory summary judgment may be made final if the issues that are left unadjudicated are severed. *See Pan Am. Petrole-* *um Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 201 (1959).

leased the guarantors from their liability under the 1983 Guaranty or 1984 Guaranty.

Because Texas law[2] is sparse on this central issue, Travelers primarily relies on *FDIC v. Singh,* 977 F.2d 18 (1st Cir.1992), which construes similar nonrecourse language and its effect, if any, on a preexisting, continuing guaranty.[3] Appellees cite no cases from any jurisdiction to support their argument that the nonrecourse provision released their liability as guarantors.

In *Singh,* a general partnership executed a note payable to Patriot Bank in December 1985. The note was guaranteed by each of the partners in an unconditional continuing guaranty. In April 1987, the partnership entered into a written agreement with Patriot to modify the terms of the loan. In that agreement, a new note was substituted for the first in the same face amount but with a different interest rate. The agreement also contained a nonrecourse provision stating that Patriot would "look solely to its collateral for satisfaction of the obligations of Borrower or under any documents or undertakings given as security herefor and not to the personal assets of any partner, General or Limited." *Id.* at 20.

Patriot later merged with the Bank of New England, which failed, and the FDIC was appointed as its receiver. The property securing the note was foreclosed on, and the FDIC sued the guarantors to collect the deficiency. As the appellees argue in this case, the guarantors in *Singh* argued that the nonrecourse provision relieved them from their liability under the preexisting guaranty.

After first determining that the nonrecourse provision was unambiguous, the First Circuit recognized that "the status of guarantors is obviously not implicated either by the word 'Borrower' or by the allusion to 'any partner' " and stated that the language of the guaranty "is plain as a pikestaff." *Id.* at 22. The guaranty was an unconditional, continuing guaranty extending to all existing and future liability, and nothing in the loan documents indicated that the parties intended to nullify the guaranty or restrict its sweep. *Id.* The First Circuit further recognized that the partners/guarantors had incurred liability in two separate and distinct capacities—as partners and as guarantors. *Id.* at 22–23; *see also Commons West Office Condos v. RTC,* 5 F.3d 125, 127 (5th Cir.1993). Finally, the court in *Singh* noted that the nonrecourse provision did not once mention "a nullification or diminution" of the liabilities assumed under the guaranty, *Singh,* 977 F.2d at 23, and that any reference to the appellants as guarantors was "conspicuously lacking." *Id.* at 22. The court thus held that the nonrecourse provision did not eliminate the guarantors' liability under their continuing liability. *Id.* at 23.

■ In this case, there is no reference in the Modification's nonrecourse provision to the 1983 Guaranty or the 1984 Guaranty.[4] In no place in the Modification is there any release of the guarantors' liability under ei-

---

2. *See, e.g., Waite v. BancTexas–Houston, N.A.,* 792 S.W.2d 538, 541 (Tex.App.—Houston [1st Dist.] 1990, no writ) (in deficiency suit, maker and guarantor of nonrecourse note was liable to bank as guarantor where note specifically made maker liable as guarantor and provision was unambiguous); *Nance v. RTC,* 803 S.W.2d 323, 334 (Tex.App.—San Antonio 1990) (where general partner executed note on behalf of partnership and also executed individual guaranty limiting his liability to 50%, court found general partner was 100% liable as partner and 50% liable as guarantor), *writ denied, per curiam,* 813 S.W.2d 154 (Tex.1991); *Commons West Office Condos v. RTC,* 5 F.3d 125, 128 (5th Cir.1993) (under Texas law, general partner who executed guaranty in addition to note "incurred liability in two separate and distinct capacities—as general partner under the Note and as guarantor under the Guaranty").

3. Although *Singh* is based on Massachusetts law, the rules of contract construction applied by the First Circuit are identical to Texas rules of construction.

4. On the other hand, there are provisions of the Modification expressly mentioning the guarantors. Paragraph 2 of the Modification provides that the "undersigned [Towne Lake] and any endorsers or *guarantors* hereof, severally waive diligence ..." and further that the Note "may be extended from time to time without notice and without affecting the liability of the undersigned, and any endorsers or *guarantors* hereof." [Emphasis added.] These provisions evidence that the continued liability of appellees in their capacity as guarantors was contemplated. Clearly, if the parties had intended the nonrecourse provision to absolve appellees of liability in their capacity as guarantors, such language easily could have been included in the Modification.

ther the 1983 Guaranty or the 1984 Guaranty. The nonrecourse provision only absolved Towne Lake, the maker of the Note, and Towne Lake's partners from personal liability on the Note. The nonrecourse provision does not affect the liability of the guarantors of the Note.[5] The fact that the guarantors were partners of Towne Lake does not extend the nonrecourse provision to their separate and distinct obligations as guarantors.[6] Finally, the fact that appellees executed the 1984 Guaranty in conjunction with the Modification and later executed the Guaranty Amendment essentially reaffirmed their independent obligation as guarantors.

While the nonrecourse provision absolved Towne Lake and appellee Bosler, Towne Lake's general partner, of personal liability on the Note in their maker and partner capacities, the guarantors remain fully liable for the deficiency in their capacity as guarantors under the 1983 Guaranty and the 1984 Guaranty. Travelers' first and second points of error are sustained.

### EFFECT OF THE MODIFICATION

In its third point of error, Travelers asserts that the trial court erred in granting summary judgment for appellees based on the mere execution of the Modification irrespective of its nonrecourse provision. Appellees contend, without reliance on any case law or language in the Modification, that the Modification was a complete modification and restatement of the 1983 Note such that it extinguished or eliminated the 1983 Note and the 1983 Guaranty, along with appellees' liability under them.

 The 1983 Guaranty is a continuing guaranty; the guarantors expressly guaranteed the indebtedness evidenced by the 1983 Note and "any and all renewals, extensions and rearrangements [of the 1983 Note]." It further provides:

This is a continuing guaranty and shall continue to apply without regard to the form or amount of indebtedness or obligation which Borrower [Towne Lake] may create, renew, extend, or alter in whole or in part, without notice to Guarantor. The circumstance that at any time or from time to time the Guaranteed Indebtedness may be paid or performed in full shall not affect the obligation of Guarantor with respect to the indebtedness, obligations or liabilities of Borrower [Towne Lake] to Lender incurred or arising thereafter.

By its express terms, the indebtedness guaranteed by the guarantors under the 1983 Guaranty includes the indebtedness evidenced by the 1983 Note as renewed and modified by the Modification. The Modification merely renewed, extended, and modified the 1983 Note.

 The giving of a new note for a debt evidenced by a former note does not extinguish the old note unless expressed by the parties. *Chapman v. Cricket,* 127 Tex. 590, 95 S.W.2d 360, 363 (1936); *Chambers v. NCNB Texas Nat'l Bank,* 841 S.W.2d 132, 134 (Tex.App.—Houston [14th Dist.] 1992, no writ). Also, when a new instrument is executed in renewal of a note, the holder may sue on either the original note or the renewal note. *Chapman,* 95 S.W.2d at 363; *Villarreal v. Laredo Nat'l Bank,* 677 S.W.2d 600, 607 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Clark v. Bank of the Southwest,* 410 S.W.2d 191, 193 (Tex.Civ.App.—Amarillo 1966, no writ).

 A guarantor under a continuing guaranty, such as the 1983 Guaranty, is not relieved of liability on a note when the note is renewed, modified, or extended. *Brazosport Bank v. Travis,* 617 S.W.2d 729, 731 (Tex.

---

5. The change in the nature of the obligation from a full *recourse* to a *nonrecourse* obligation does not affect the guarantors' obligation. *See RTC v. Northpark Joint Venture,* 958 F.2d 1313, 1320 (5th Cir.1992) (that debt is nonrecourse does not change fact that debtor is in debt, and although maker cannot be held liable for debt, there is still debt that guaranty is subject to), *cert. denied,* —— U.S. ——, 113 S.Ct. 963, 122 L.Ed.2d 120 (1993).

6. Appellees' attempted distinction of *Singh* based on the nonrecourse provision in that case, which expressly referred to both general and limited partners, lacks merit and ignores the fact that appellee Bosler, the general partner, had full liability on the Note in both his capacity as a guarantor and his capacity as a general partner. Appellees' other factual distinctions of *Singh* have no bearing on the legal question at issue.

Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Clark*, 410 S.W.2d at 193. If the guaranty is a continuing guaranty that includes renewals and extensions, the guarantor is not relieved from liability, even if the note is renewed or extended without his knowledge. *Adcock v. First City Bank*, 802 S.W.2d 305, 307 (Tex.App.—San Antonio 1990, no writ). Similarly, the fact that the 1984 Guaranty was executed does not in any way affect the obligations of the guarantors under the 1983 Guaranty. *Shepherd v. Eric Schuster Corp.*, 424 S.W.2d 693, 697 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ Appellees' argument that the Modification somehow extinguished or eliminated their liability under the 1983 Note and the 1983 Guaranty lacks any merit factually and legally. The Modification did not alter appellees' liability as guarantors under the 1983 Guaranty, and Travelers could sue them under the 1983 Note alone or under it and the Modification. Under either scenario, the guarantors can be fully liable for the deficiency based on their continuing obligations under the 1983 Guaranty. We sustain Travelers' third point of error.

### APPELLEES' DEFENSES TO THE 1984 GUARANTY

Points of error 4, 5, 6, 7, 8, 9, 10, 11, and 12 all concern whether the trial court erred in granting summary judgment for appellees and in denying summary judgment for Travelers based on appellees' defenses of fraud, no consideration, and ambiguity with respect to the 1984 Guaranty and the Guaranty Amendment. Appellees did not assert these defenses with respect to either the 1983 Guaranty or the Note. Because, as we have held under points 1, 2, and 3, appellees can be fully liable for the deficiency under the 1983 Guaranty alone, and because we hold below that Travelers established its deficiency claim against appellees as a matter of law, the trial court erred in granting summary judgment for appellees and in denying summary judgment for Travelers based on appellees' defenses of fraud, no consideration, and ambiguity with respect to the 1984 Guaranty and the Guaranty Amendment. Points of error 4, 5, 6, 7, 8, 9, 10, 11, and 12 are sustained.

Furthermore, we sustain point of error 13, in which Travelers complains of the trial court's award of $100,000 in attorneys' fees to appellee Bosler because, as we held above, the trial court erred in granting appellees declaratory relief. *See City of Houston v. Harris County Outdoor Advertising Ass'n*, 732 S.W.2d 42, 56 (Tex.App.—Houston [14th Dist.] 1987, no writ) (if declaratory judgment is reversed, trial court's award of attorneys' fees must be set aside). Accordingly, we reverse the trial court's award of $100,000 in attorneys' fees.

### STATUTE OF LIMITATIONS

■ In its fourteenth point of error, Travelers alleges that the trial court erred in granting summary judgment for appellees and in denying summary judgment for Travelers based on appellees' statute of limitations defense. Appellees alleged that the four-year statute of limitations bars Travelers' deficiency claim on the 1983 Note and the 1983 Guaranty. The 1983 Note had a maturity date of April 1, 1985. Appellees thus claim that the statute of limitations ran on April 1, 1989, and since Travelers did not file its counterclaim on the deficiency until July 1992, the claim is barred as a matter of law. Travelers asserts, however, that the maturity date of the 1983 Note was extended by the Modification to July 1, 1992 and that its claim would not be barred until July 1996.

Appellees' limitations defense is based on the following theory: Travelers' deficiency action is dependent on the Modification, but if Travelers depends on the Modification, it must also accept the nonrecourse provision in the Modification, which appellees claim relieves them of liability under the 1983 Note and the 1983 Guaranty. Because we rejected appellees' contentions regarding the Modification and sustained points of error 1, 2, and 3, we necessarily must reject their limitations defense. Point of error 14 is sustained.

### TRAVELERS' DEFICIENCY CLAIM

In points of error 15 and 16, Travelers complains that the trial court erred in not

granting summary judgment on its deficiency claim.

■ To recover on a promissory note, a plaintiff must establish the note at issue, that the defendant signed the note, that the plaintiff is the legal owner and holder of the note, and that a certain balance is due and owing. *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). The same proof that establishes a plaintiff's right to summary judgment on a promissory note also establishes the plaintiff's right to summary judgment on a guaranty. *See Universal Metals & Mach., Inc. v. Bohart,* 539 S.W.2d 874, 877–78 (Tex.1976).

■ Appellees admitted execution of the 1983 Note and the Modification, and appellees Bosler, Golightly, Woodfield, and Adkins admitted execution of the 1983 Guaranty. Appellees Hashioka, Rottler, and Walker neither admitted nor denied executing the 1983 Guaranty, and none of them filed a sworn plea denying execution. The 1983 Guaranty is thus received in evidence as fully proved. Tex.R.Civ.P. 93(7).

■ Additionally, Travelers offered by affidavit sworn copies of the 1983 Note endorsed to Travelers, the Modification, and the 1983 Guaranty. That evidence is sufficient to establish the Note and the 1983 Guaranty, as well as Travelers' status as the owner and holder of the Note. *See Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); *Life Ins. Co. v. Gar–Dal, Inc.,* 570 S.W.2d 378, 380 (Tex.1978). Appellees stipulated to the amount of the deficiency.

■ Travelers established its deficiency claim against the guarantors as a matter of law, and the trial court erred in not granting Travelers' motion for partial summary judgment on its deficiency claim. We sustain points of error 15 and 16.

■ In point of error 17, Travelers claims that the trial court erred by not awarding Travelers its attorneys' fees. Travelers offered an attorney's affidavit proving up its attorneys' fees of $26,587 incurred up to the filing of its motion for partial summary judgment. Appellees did not controvert Travelers' summary judgment evidence on attorneys' fees, and the affidavit on attorneys' fees satisfies rule 166a(c).[7] Because Travelers established its entitlement to and the amount of attorneys' fees as a matter of law, the trial court erred by not awarding Travelers its attorneys' fees. We sustain point of error 17.

In its eighteenth and final point of error, Travelers asserts that the trial court erred as a matter of law in denying Travelers' motion for partial summary judgment on appellees' declaratory judgment claim. Because of our disposition of all of Travelers' other points of error, we necessarily sustain this point of error as well.

### DISPOSITION

We reverse the trial court's summary judgment in favor of appellees, its denial of Travelers' motion for partial summary judgment, and its award of $100,000 in attorneys' fees to appellee Bosler. We render judgment against appellees on their declaratory judgment claims against Travelers and render judgment in favor of Travelers on its deficiency claim against appellees James L. Bosler, Christopher Hashioka, Cameron Rottler, Jay S. Walker, Don C. Golightly, Jackie Woodfield, and Suzanne Adkins, jointly and severally, for the sum of $4,513,224.58, which is the amount owed as of July 31, 1993, prejudgment interest from July 31, 1993 in the amount of $704.5535 per diem, attorneys' fees in the amount of $26,587, and postjudgment interest at the rate of ten percent per annum on those amounts.

---

7. If uncontroverted summary judgment evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* Tex. R.Civ.P. 166a(c).