cv5-674.dd.imbert 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00674-CV






John W. Imbert and Billie Imbert, Appellants



v.



Federal Deposit Insurance Corporation, as Receiver


for Seamen's Bank for Savings, FSB, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 93-04145, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







PER CURIAM


 John W. Imbert and Billie Imbert appeal the judgment favoring the Federal Deposit
Insurance Corporation as receiver for Seamen's Bank for Savings. The Imberts raise four points
of error centered around their claim that the trial court should have found the FDIC's claims time-barred. We will affirm the judgment.

 The controversy surrounds title to a home on land in Travis County. According
to the trial court's findings of fact, unchallenged on appeal, the Imberts bought the property with
a note secured by a deed of trust in December 1983. They later defaulted on their obligations;
City Federal Savings Bank foreclosed on the property in February 1989. In December 1989, a
county court-at-law held that the Imberts were entitled to possession and denied City Federal's
claim for rent. After City Federal's insolvency, the property was eventually conveyed to the
FDIC. The FDIC filed suit and demanded that the Imberts vacate the premises in 1993. After
a nonjury trial, the trial court held that the FDIC owned the property and should have possession
of the premises, denied the Imberts' counterclaims, and awarded $1500 and costs to the FDIC.

 The Imberts complain by their first point of error about the denial of their motion
for summary judgment. We cannot review the denial of such motions except in limited
circumstances. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex. 1980); Travelers Ins. Co. v.
Bosler, 906 S.W.2d 635, 641 (Tex. App.--Fort Worth 1995, no writ). Since the exceptional
circumstances do not exist here, we overrule point one.

 By point of error two, the Imberts complain that the FDIC was not entitled to
judgment because they properly pleaded affirmative defenses of res judicata and statute of
limitation that bar the FDIC's causes of action. Pleading alone does not make for a successful
defense; evidence must be adduced. The Imberts had the burden to provide a record sufficient
to show error. Tex. R. App. P. 50(d). They did not provide a statement of facts of the trial on
the merits or comply with the provisions in Texas Rule of Appellate Procedure 53(d) for a partial
statement of facts. We therefore must presume that the evidence in the omitted statement of facts
from the trial supports the trial-court judgment. Christiansen v. Prezelski, 782 S.W.2d 842, 843
(Tex. 1990). We overrule point two.

 By point three, the Imberts complain that the trial court erred by denying their
motion for new trial because it should have granted their motion for summary judgment and their
motion for judgment as a matter of law on their affirmative defenses. We overrule point three for
reasons set out in our rulings on points one and two--we have no power to review the denial of the
motion for summary judgment and have no record to review regarding the motion for judgment
as a matter of law. 

 By point of error four, the Imberts complain that the trial court erred by failing to
follow Texas law on res judicata and statute of limitations in reaching these conclusions of law:



2. [The FDIC]'s rights in the Premises are superior to those of [the Imberts].

3. The Judgment of the County Court at Law, dated December 14,
1989, solely awarded possession of the Premises to [the Imberts] at
that date.

4. [The FDIC] is now entitled to possession of the Premises, since [the
FDIC]'s interest in the Premises is superior to [the Imberts].

5. The Judgment of the County Court at Law dated December 14,
1989, could not have granted [the Imberts] a legal or equitable
interest in the Premises superior to the [the FDIC]'s interest, since
the County Court at Law does not have subject matter jurisdiction
to award title interests.



Again, the appellate record is not sufficient to require the reversal of the trial court's decision. 
We must presume that the omitted statement of facts contains either insufficient evidence
supporting the affirmative defenses of res judicata and statute of limitations or contains evidence
defeating those defenses, and that it contains evidence supporting the trial court's conclusions. 
We overrule point four.

 Though we have overruled all points of error, we decline to impose damages for
delay. We affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 5, 1996

Do Not Publish