

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00359-CV

EUNICE WELLS                                                    APPELLANT

V.

TARGET CORPORATION                                             APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
### TRIAL COURT NO. CIV-13-0258

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a summary judgment in a defamation case. Appellant Eunice Wells alleged that in January 2013, she and her two great-granddaughters went to a Target store in Weatherford, Texas to return two cell phone covers. She did not have the receipt for either cover. At the customer service counter, Wells was helped by Target employee Kevin Glover. When

---

[1]*See* Tex. R. App. P. 47.4.

Glover did not find a record of a sales transaction for one of the covers, he accused Wells of stealing it.

Wells subsequently sued Appellee Target Corporation for defamation. Target answered and filed a combined no-evidence and traditional motion for summary judgment. As its sole no-evidence ground, it asserted that Wells could produce no evidence that a defamatory statement had been published to a third person. As its sole traditional ground, it asserted that its evidence conclusively established that the defamatory statement was not published to a third person.

Target supported its traditional motion with Wells's deposition testimony. At her deposition, Target played a video of the encounter (presumably from Target's security camera) and asked Wells about what was shown in the video. Wells admitted that her great-granddaughters did not hear the theft accusation because they were standing too far away. Nevertheless, she further acknowledged that although there were other people in line and nearby when Glover made the statement, she did not have the names or contact information for any witnesses.

Wells filed a response to which she attached her own affidavit. She stated in the affidavit that there were people around who heard Glover's accusation, but she had been too upset and embarrassed to think of getting their names:

> This was said to me in the Target Store. Other people were around me and did hear the conversation. . . .
>
> The fact that I did not take the names of people who heard this statement accusing me of a crime is simply I was so upset and

2

embarrassed that taking names was not something I was thinking about at the time.

. . . .

. . . The employee accused me of being a thief. Their defense is no one heard that. I heard it and so did other people in the store.

The fact that I cannot identify people who heard the statement is not something that I have to prove.

Target filed no objections to Wells's affidavit.

After a hearing, the trial court signed an order granting a no-evidence and traditional summary judgment for Target and dismissing Wells's claim. Wells then filed this appeal.

We review a summary judgment de novo.[2] In reviewing a traditional summary judgment, we consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.[3] We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[4] A defendant who conclusively negates at least one essential element of a cause of action is entitled to

---

[2] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[3] *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

[4] *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

3

summary judgment on that claim.[5]  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue.[6]

When reviewing a no-evidence summary judgment, as with a traditional motion, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion,[7] crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.[8]  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.[9]

In her sole issue on appeal, Wells argues that the trial court erred by granting summary judgment for Target.  She contends that any dispute as to

---

[5] *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

[6] *Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).

[7] *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

[8] *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

[9] *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

whether the theft accusation was made or heard by other customers is a question for the jury.

In response, Target contends that the trial court's judgment was correct because Wells has no evidence that any third party overheard the statement, and her affidavit supporting her summary judgment response is conclusory. Target also asserts that Wells did not perfect her appeal because she did not serve Target or Target's counsel with her notice of appeal, as required by rule 25.1(e) of the Texas Rules of Appellate Procedure. Wells counters that she did serve Target with notice, that, alternatively, Target waived any argument about lack of notice by not timely filing a motion to dismiss, and that it has not shown harm.

We first address Target's assertion that Wells's appeal was not perfected. An appeal is perfected when the notice of appeal is filed with the trial court.[10] The record indicates that the notice was timely filed in the trial court, and therefore the appeal was perfected.

The notice of appeal indicates that it was faxed to Target's attorney of record,[11] and it contains a certificate of service.[12] Target does not explicitly state

---

[10]Tex. R. App. P. 25.1(a).

[11]*See* Tex. R. App. P. 25.1(e), 26.1 (indicating when a notice of appeal must be filed).

[12]*See* Tex. R. App. P. 9.5(c), (d) (stating that service may be faxed, that service by fax is complete when received, and that a certificate of service is proof of service); *Pena v. McDowell*, 201 S.W.3d 665, 666 (Tex. 2006) ("A certificate of service is simply one method of demonstrating that actual service occurred.").

5

that it did not receive the fax,[13] but we read its argument as making such an assertion.

The rules of appellate procedure require that a notice of appeal be served on all parties to the trial court's final judgment, and failure to do so "does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal."[14] Accordingly, even if Wells failed to serve the notice of appeal as required by the rules, this court has jurisdiction. Under the circumstances, even assuming that Target did not receive the faxed notice of appeal, we decline to dismiss the appeal. We therefore consider Wells's issue.

The only element of Wells's defamation claim challenged by Target was whether the statement was published to a third party.[15] As to the no-evidence summary judgment, Wells stated several times in her affidavit that other people were around her when Glover made his accusation and that they heard him. She explained that the statement was made in a public place—at the Customer Service counter of the store. Viewing her evidence in the light most favorable to

---

[13]*See* Tex. R. App. P. 9.5(c).

[14]Tex. R. App. P. 25.1(b), (e) (stating that a notice of appeal must be served on all parties to the final judgment and that failure to comply with the rule is ground for dismissal).

[15]*See Waddill v. Phi Gamma Delta Fraternity Lambda Tau Chapter Tex. Tech Univ.*, 114 S.W.3d 136, 139 (Tex. App.—Austin 2003, no pet.) (stating that defamation occurs when a false, defamatory statement is published to a third person).

her, this is more than a scintilla of evidence of the circumstances that Glover made an audible statement in a public place where it was overheard by others.

Target argues that Wells's statement about Glover's accusation being heard by the person in line behind her and the other people around was conclusory and that she was required to produce evidence that she had confirmed with the third parties that they heard the statements.[16] We disagree.

We have found no cases that place a burden upon a person who has been defamed in a public place to gather witness names or canvass the audience to determine whether people gathered in the public place overheard a comment that was made there in a public manner. Target cites to no case that Wells must provide the names of the people who overheard Glover's accusation in order to prove defamation.

Wells's testimony regarding publication—based on her own experience and observations during the encounter with Glover—is circumstantial rather than direct evidence of publication, but it is not conclusory. Regardless of whether a trier of fact may ultimately find her testimony persuasive, we must look at the evidence in the light most favorable to Wells.[17] The facts, as alleged by Wells, demonstrate that the comment was audible, that it was capable of being heard

---

[16]*See Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.) (explaining that a conclusory statement is "not credible or susceptible to being readily controverted" and makes a conclusion without providing the underlying facts from which the conclusion is drawn).

[17]*Timpte Indus.*, 286 S.W.3d at 310; *Sudan*, 199 S.W.3d at 292.

7

(Wells heard it), that it was made in a public place (not in a private office, not in whispered tones), and that there were other human beings nearby.

The dissent states that Wells provided no "underlying facts to support her subjective conclusion that a third party heard what the Target employee allegedly said."[18]  If Wells is to be believed, she was accused of theft by a Target employee in a public area of the store during normal business hours.  Taken in light most favorable to Wells, this raises a fact issue on publication to the unnamed persons who were standing within earshot.  A party should not be deprived of their day in court by a hyper-technical reading of the facts in a light least favorable to the non-movant.  We hold that Wells raised a fact issue about whether Glover's statement was published to a third party, and Target was therefore not entitled to no-evidence summary judgment.

Target points out that to obtain a summary judgment based on the affidavit of an interested witness, the evidence must be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."[19]  If Wells's affidavit were being used to establish her right to summary judgment, her affidavit would have to meet that standard.  But that standard applies only to affidavits used to show an entitlement

---

[18]Dissenting opinion at 4.

[19]*See* Tex. R. Civ. P. 166a(c).

8

to summary judgment. A fact issue may be raised, and summary judgment therefore defeated, by an affidavit that does not meet that standard.[20]

To be entitled to a traditional summary judgment, Target was required to establish as a matter of law that no third party overheard Glover's statement.[21] Its only evidence was Wells's deposition testimony. Wells stated in her deposition that her great-grandchildren were too far away to hear Glover's accusation, but she did not testify that nobody else heard. To the contrary, she stated that other people were nearby. The deposition may have conclusively negated the fact that Wells's *great-grandchildren* heard the statement, but to prevail on her claim, Wells is not required to prove that *they* heard it in order to establish her claim. She is only required to prove that someone heard it. Wells's deposition did not establish *as a matter of law* that nobody around Wells heard the statement.[22] We hold that Target did not establish as a matter of law that no third party heard Glover's accusation, and Target was therefore not entitled to traditional summary judgment.

---

[20]*See Travelers Ins. Co. v. Bosler*, 906 S.W.2d 635, 645 n.7 (Tex. App.—Fort Worth 1995) (stating that evidence from an interested witness that does not meet that standard "does nothing more than raise a fact issue"), *pet. granted, judgm't vacated w.r.m.*, 938 S.W.2d 716 (Tex.1997).

[21]*See Frost Nat'l Bank*, 315 S.W.3d at 508.

[22]*See* Tex. R. Civ. P. 166a(c) (stating that a summary judgment shall be granted if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law).

Because Wells produced some evidence sufficient to raise a fact issue on the only ground asserted by Target in its no-evidence motion, we sustain Wells's issue as to the no-evidence summary judgment. Because Target did not conclusively establish its only traditional summary judgment ground, we sustain her issue as to Target's traditional motion.

Having sustained Wells's sole issue on appeal, we reverse the trial court's summary judgment and remand this case to the trial court for further proceedings.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

GABRIEL, J., filed a dissenting opinion.

DELIVERED: April 23, 2015