**William T. VASTINE, Petitioner,**

v.

**BANK OF DALLAS, Respondent.**

No. C–9175.

Supreme Court of Texas.

April 24, 1991.

Rehearing Overruled June 12, 1991.

W. Robert Gray, Ralph C. Perry–Miller, Dallas, for petitioner.

Michael E. Robinson, Mark E. Andrews, Martin R. Wiarda, Laura L. Worsham, Dallas, for respondent.

**PER CURIAM.**

Respondent, Bank of Dallas, filed suit against Petitioner, William Vastine, to collect on Vastine's personal guaranty of promissory notes executed by Advanced Communities, Inc. (ACI). The promissory notes were executed to finance construction of townhouses. Vastine originally guaranteed a total of $1,280,700, which covered two promissory notes of ACI. ACI defaulted on the second note and the Bank foreclosed on the security. The trial court rendered summary judgment against Vastine based on the guaranty and awarded $411,000 in deficiency damages, the amount of the second note less the foreclosure proceeds.

Vastine appealed based on the suretyship defense of material alteration of contract. The Dallas Court of Appeals rejected Vastine's argument and affirmed the judgment of the trial court. We reverse in part and hold that an issue of material fact exists regarding Vastine's suretyship defense.

Vastine contends that he is not liable under the guaranty because the terms of the loan agreement between the Bank and ACI were materially altered or deviated from without his consent. Specifically, Vastine alleges that the Bank allowed ACI and its shareholders to deviate from the loan agreement by: 1) exceeding building specifications with construction of expensive extras, 2) misappropriating lumber for shareholders personal use, 3) constructing more than six townhouses at one time, and 4) abrogating the completion guaranty.

The court of appeals held that the guaranty agreement expressly waived Vastine's right to rely on the completion guaranty executed between the Bank and ACI. We affirm that part of the judgment. However, we hold that Vastine has raised a material issue of fact regarding the other bases of his suretyship defense.

Texas courts apply the rule of *strictissimi juris* in interpreting guaranty agreements to refrain from extending the guarantor's obligation by implication beyond the written terms of the agreement. *Clark v. Walker*, 689 S.W.2d 275, 278 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). It is well settled in Texas that a guarantor may rely and insist upon the terms and conditions of the guaranty being strictly followed, and if the creditor and principal debtor vary in any material degree from the terms of their contract, then a new contract has been formed and the guarantor is not bound to it. *McKnight v. Virginia Mirror Company, Inc.*, 463 S.W.2d 428, 430 (Tex.1971). The guaranty agreement signed by Vastine does not provide that the creditor and principal debtor may alter the contract without Vastine's consent, thus we cannot imply that Vastine has waived his suretyship defense of material alteration.

Guarantors and sureties are bound only by the precise terms of the contract they have secured and are not obligated to watch over the contracting parties to see that performance conforms to the terms of the contract. *Old Colony Insurance Company v. City of Quitman*, 163 Tex. 144, 352 S.W.2d 452, 455 (1961). In *Old Colony* this Court held that sureties are released from liability when there is a material alteration in, and deviation from, the terms of the contract without the surety's consent and to its prejudice. *Id.* The same rule that applies to sureties applies to

guarantors. *Straus–Frank Co. v. Hughes*, 138 Tex. 50, 156 S.W.2d 519, 521 (Tex. Comm'n App.1941, opinion adopted); *See FDIC v. Attayi*, 745 S.W.2d 939, 944 (Tex. App.—Houston [1st Dist.] 1988, no writ).

*Straus–Frank* involved a continuing guaranty of payment of all sales of merchandise between two parties. The guaranty provided that the indebtedness may be changed in form and terms of payment by agreement between the principals. After the guarantor revoked his guaranty, the principals agreed to add an obligation of payment of attorney's fees upon default. The court held that the revocation recalled the principals' authority to change the form or terms of payment of indebtedness. The court further held that because the principals changed the form and terms of indebtedness after revocation, the guarantor was discharged from liability based on the defense of material alteration of contract without the guarantor's consent.

██ Vastine alleged in the trial court that deviations from the underlying loan agreement were made without his consent and that the deviations prejudiced him by increasing the risk of nonperformance and by substituting a new contract that he had not guaranteed. The summary judgment proof supports Vastine's allegations.[1] Thus, he has shown that a material issue of fact exists based on his suretyship defense of material alteration of contract.

The judgment of the court of appeals directly conflicts with the holding of *Straus–Frank*. Therefore, pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of this court grants application for writ of error, reverses the court of appeals, and remands to the trial court for trial on the merits.

---

1. The summary judgment proof consists of deposition testimony showing that: 1) from the beginning of construction more than six townhouses were built at a time, 2) the bank approved $72,000 in expensive extras such as swimming pools and spiral staircases not included in the plans and specifications, and 3) lumber materials were misappropriated during construction.