IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-421-CV





MAX J. LUTHER, III



 APPELLANT,

vs.



NCNB TEXAS NATIONAL BANK


 APPELLEE,


 


FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 489,245, HONORABLE F. SCOTT McCOWN, JUDGE


 



 NCNB individually sued guarantors to enforce their obligations under separate
guarantee agreements when Pilot Knob, Ltd., a limited partnership, defaulted upon on a loan held
by the bank. The guarantors, Diane Finch and Max Luther III, responded with denials and
counterclaims asserting, among other arguments, material alteration and unconscionability under
the provisions of the DTPA. These two cases were consolidated for trial. 

 The trial court granted a directed verdict for NCNB on the counterclaim of
unconscionability and submitted the defensive question of material alteration to the jury. The jury
found for the appellants, but the trial court entered judgment n.o.v. in favor of NCNB. We will
affirm in part and reverse in part the judgment of the trial court.



THE CONTROVERSY



 In January of 1985, Pilot Knob purchased 391 acres in southeast Travis County. 
The partnership paid $900,000 cash down and borrowed $3,600,000 from Interstate Bank of
Austin. The bank secured the loan by a deed of trust lien upon the property and limited guaranty
agreements obtained from the various partners.

 Under the loan agreement, all payments were to be credited first to interest and the
balance to principal. When the first payment came due on January 4, 1987, Pilot Knob paid only
the interest. In March of 1987 the bank loaned Pilot Knob additional funds. As consideration for
the loan and in lieu of the scheduled principal payment, the partners put up letters of credit in
proportion to their ownership in the venture. The letters of Finch and Luther were in the amounts
of $41,308.00 and $66,625.00, respectively. In January 1988, the partnership again failed to
make its scheduled principal payment and in February the bank called the letter of credit pledged
by Dr. R. Jenkins, the managing partner. Interfirst applied the entire proceeds to the outstanding
principal balance of the partnership note without any reduction of the current interest.

 In March of 1988 the bank, now First Republic, renewed and extended the lien
under a modification agreement. On July 4, 1988, the next due date, Pilot Knob was again unable
to make its payment. In August 1988 the bank, now NCNB, sent a notice of default to Pilot Knob
demanding payment of $351,204.87. In September NCNB accelerated the note, making an
additional $241,803 payable immediately. The bank sent demand letters to all partners on October
28, 1988 and in mid December NCNB called the letters of credit pledged by Finch, Luther and
the other partners. The bank applied the proceeds of these letters to the outstanding principal
balance of the loan, once again failing to apply any of the proceeds to the accrued interest.


CONTENTIONS ON APPEAL



 Finch and Luther bring 14 points of error. In their first four, they assert that the
trial court improperly rendered judgment n.o.v. in favor of NCNB. The other ten points of error
contest the court's directed verdict upon the DTPA issue, the court's failure to render judgment
in their favor and the judge's refusal to submit a number of proposed jury questions and
instructions in the jury charge on the issue of unconscionability.



DISCUSSION & HOLDING



1. Material Alteration

 Finch and Luther contend that the trial court incorrectly entered judgment n.o.v.
on the issue of material alteration. We agree. The jury found "the written provisions of the note
between the bank and Pilot Knob, Ltd. [were] materially altered." A jury finding may only be
disregarded if there is no support in the evidence or when the question is "immaterial." C&R
Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex. 1966). This court is required to review
the record to determine whether there is "some evidence" to support the jury's finding. We view
the evidence in the light most favorable to appellants' position, and must disregard all contrary
evidence and inferences. Williams v. Bennett, 610 S.W.2d 144 (Tex. 1981); Henderson v.
Travelers Insurance Co., 544 S.W.2d 649 (Tex. 1976). In order to sustain a judgment n.o.v.,
there must be no evidence upon which the jury could have based its finding. Douglas v. Panama
Inc., 504 S.W.2d 776 (Tex. 1974).

 We find that Finch and Luther submitted evidence of material alteration at trial and
the jury verdict must be upheld. Texas courts apply the rule of strictissimi juris in interpreting
guaranty agreements to refrain from extending guarantor's obligation by implication beyond the
written terms of the agreement. Vastine v. Bank of Dallas, 808 S.W.2d 463, 464 (Tex. 1991). 
A material alteration occurs if the creditor and principal debtor vary the terms of their written
contract without the consent of the guarantor. Id. The alteration must be one that either injures
the guarantor or increases the risk of injury to the guarantor. Id. Finally, if the creditor and
principal materially vary from the terms of their contract, a new contract is formed and the
guarantor is not bound thereby. Id.

 Finch and Luther specifically contend that NCNB was bound by the precise terms
of the contract. Therefore, NCNB's application of the money obtained through the letters of
credit to principal without first being applied to interest was a material alteration of the agreement
without their consent and to their prejudice. They assert this alteration adversely affected their
taxable status and that without this deviation from the agreement the partnership would have been
in compliance with the terms of the contract, at least at that time. 

 It is clear from the language of Vastine that the bank was not empowered to change
the terms of the agreement. The Supreme Court has also held that uncertainty as to the meaning
of a contract of guarantee must be given a construction most favorable to the guarantor. Coker
v. Coker, 650 S.W.2d 391, 394 (Tex. 1983). The record clearly demonstrates that the bank
applied monies received from the appellants to principal. It is equally apparent that the contract
required NCNB to apply such payments first to interest and then to principal. Additionally, Finch
and Luther entered some evidence at trial pertaining to financial injury suffered as a result of
NCNB's alteration of the agreement.

 NCNB contends that the application of the material alteration doctrine does not
apply because the agreement of the parties was a "continuous guarantee." A continuous guarantee
maintains the responsibility of a guarantor for changes occurring within the scope of his
agreement, but will not bind a guarantor to a contract that was materially altered without his
consent and to his detriment. We sustain appellants' first four point of error. 

2. Unconscionability.

 We hold that the trial court correctly entered a directed verdict against Finch and
Luther on their counterclaims under the DTPA because neither was a consumer in regards to
NCNB. A person must be a consumer in order to bring suit under Section 17.50. Riverside
National Bank v. Lewis, 603 S.W.2d 169, 173 (Tex. 1980). The Deceptive Trade Practices and
Consumer Protection Act defines a consumer as "an individual, partnership, corporation, this
state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any
goods or services . . ." Tex. Bus. & Com. Code Ann. §17.45(4) (1987). It is well settled that
merely borrowing money does not constitute seeking to acquire goods or services sufficient to
trigger consumer status under the DTPA. Riverside, 603 S.W.2d at 169. 

 The guarantors contend they acquired services from the bank in conjunction with
the financing, making the partners consumers under the DTPA. Finch and Luther offer La Sara
Grain Co. v. First National Bank of Mercedes, 673 S.W.2d 558, (Tex. 1984), in support of this
position. There the court stated "[s]ince the holding in Riverside, we have twice limited the case
to its facts, emphasizing that Lewis sought only the extension of credit from Riverside, and
nothing more." Id. at 566. Finch and Luther assert that the efforts to limit Riverside show an
intent by the courts to qualify parties, like the partners, as consumers. 

 We disagree. In La Sara the appellant sought to obtain services that correspond
to a checking account and for that reason the court found the appellant to be a consumer. Here,
Finch and Luther merely sought to borrow money. It is equally apparent from the record that
there was no acquisition of service involved in this transaction. To be consumers of service, the
partners must have received "work, labor, or service purchased or leased for use, including
services furnished in connection with the sale or repair of goods." Tex. Bus. & Com. Code Ann.
§ 17.45(2) (1987). The only transaction between the bank and the appellants was the loan. This
case involves nothing more than an extension of credit requiring the application of the Riverside
doctrine. 

 We find that Finch and Luther were not consumers as defined under the DTPA. 
Therefor the guarantors have no standing to raise a claim of unconscionability under that statute. 
The trial court correctly granted a directed verdict in favor of NCNB and did not err by refusing
to submit appellants questions and instructions numbered three through seven to the jury, relating
to appellants DTPA claims. We overrule appellants fifth through fourteenth points of error. 




CROSS-POINTS



 NCNB raises six cross-points on appeal. The bank's first two points contend, in
the event that we find error in the rendition of judgment n.o.v., that the trial court erred by
submitting the material alteration question and instruction to the jury because the evidence was
insufficient. The third and fourth points assert that if error is found in the judgment n.o.v., this
court should enter judgment against Finch and Luther after the bank reapplies the letters of credit
proceeds in conformity with the agreement. The last two cross-points were alternatively offered
in case we found that the guarantors had consumer status.

 We overrule all cross-points. We find sufficient evidence for submission of the
material alteration issue for the same reason that we reversed the judgment n.o.v. NCNB's third
and fourth cross-points are similarly denied by the doctrine of material alteration. Once a
guarantee agreement is materially altered, the guarantor is no longer bound to it. The remaining
points are moot because this court affirmed the directed verdict granted by the trial court upon the
issue of consumer status.



CONCLUSION



 Having found that the trial court erred in granting judgment n.o.v. for appellee,
we reverse that portion of the judgment below and render judgment that appellee take nothing on
its claims against appellants. In all other respects the judgment of the trial court is affirmed.


 

 Jimmy Carroll, Chief Justice

[[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed in Part; Reversed and Rendered in Part

Filed: June __, 1992

[Do Not Publish]