In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-223 CV


____________________



SHIRLEY WILLIAMS, Appellant



V.



WESTERN SURETY COMPANY, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 39,502






OPINION


 Shirley Williams sued Western Surety Company to collect on a contractor's bond
on which Elite Construction acted as principal for the benefit of the City of Lumberton. 
In a severed part of the cause, Williams obtained a default judgment against John Green,
Jr., and Elite Construction, for breach of common law "warranty of habitability and good
and workmanlike services." In the main cause, the trial court entered judgment for
Western Surety Company on cross-motions for summary judgment. In this appeal, we
must decide whether Western Surety Company must pay Shirley Williams, as a third-party
beneficiary of the bond, for the breach of warranty by Elite Construction.

 Lumberton City Ordinance 86-1040 adopted the Southern Standard Building Code
and required every contractor to file a "license or permit bond" in the amount of $10,000,
"holding the city harmless from any damage by reason of his engaging in such business
and shall faithfully perform all the duties of such business according to the requirements
of the ordinances of the City of Lumberton." The following language was required by the
ordinance and contained in the bond at issue:

 WE, Elite Construction , as principal(s) and Western Surety
Company , as surety or sureties are held and firmly bound to the City of
Lumberton, . . . $ ten thousand dollars principal aforesaid, who is engaged
as a contractor within said City will protect, indemnify and hold harmless
said City against all costs, expense, or damages which may or might accrue
against said City as a result, or arising out of the operation of said Principal
as a contractor and authorized by any permit issued by said City and shall
wholly save and keep harmless the City of Lumberton, Texas from any and
all damages by reason thereof.

 WHEREAS, this obligation is further upon the express condition that
the principal, herein, will, and shall comply with all ordinances of the City
of Lumberton, Texas, and subsequent amendments thereto, as well as the
laws of the State of Texas, and of the United States of America.

 WHEREAS, it is further specially provided that the principal shall
fully and faithfully perform and discharge all the duties and obligations
required of him as a contractor and shall indemnify and pay all persons for
any and all damages that may accrue to their persons or property by virtue
of any permit issued by the City under this ordinance, and said person(s)
shall have the right to proceed against the principal without the joinder of the
City, and just as though originally names herein. 

 

 Williams argues that this bond clearly provides protection for third parties such as
herself. As a contractor in Texas, she contends, Elite Construction was "obligated by
State and Local law to provide services in a habitable and good and workmanlike manner."
Since the contractor breached its implied warranties to Williams, she argues, by necessary
implication the contractor was in breach of the contractor's bond. 

 The surety company, on the other hand, argues that the purpose of the bond was to
protect the City from a claim of negligence in the permitting and inspection process. 
According to the appellee, the contract required the principal to comply with city
ordinances and to pay for any damages sustained because of a permit issued by the City. 
It contends that, although the City issued a permit, the damages Williams sustained
resulted solely from the builder's abandonment of the project. Since the abandonment or
completion of the project is unrelated to the issuance of the permit or any other possible
wrongdoing by or liability for the bond obligee, the surety argues, it is not liable to
Williams under the terms of the bond. 

 In construing a written instrument, we ascertain the true intentions of the parties as
expressed in the instrument. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983). We
consider the entire writing, harmonizing and giving effect to all the provisions of the
contract so that none will be rendered meaningless. Id. If the contract is so worded that
it can be given a certain or definite legal meaning or interpretation, then it is not
ambiguous and the court will construe the contract as a matter of law. Id. at 393. 
Ambiguity is a question of law for the court to decide by looking at the contract as a whole
in light of the circumstances present when the contract was entered. Id. Sureties, in
particular, are bound only by the precise terms of the contract. Vastine v. Bank of Dallas,
808 S.W.2d 463 (Tex. 1991). 

 In this case, neither party pleaded that the surety agreement was ambiguous, nor did
either party raise this point in its response to the motion for summary judgment. On
appeal, Williams concedes that the contract is unambiguous and subject to construction as
a matter of law. Williams refers the Court to the language in the bond italicized below:

 WHEREAS, it is further specially provided that the principal shall
fully and faithfully perform and discharge all the duties and obligations
required of him as a contractor and shall indemnify and pay all persons for
any and all damages that may accrue to their persons or property by virtue
of any permit issued by the City under this ordinance, and said person(s)
shall have the right to proceed against the principal without the joinder of
the City, and just as though originally names herein. 


 Williams's proposed construction of the contract requires us to ignore and give no
effect to that clause which states that "the principal . . . shall indemnify and pay all
persons for . . . all damages that may accrue . . . by virtue of any permit issued by the City
under this ordinance. . . ." The contract involved is one of indemnity, in which the
contractor and the surety company agree to indemnify the city against any claims against
the city arising out of the contractor's work as a contractor in the city. The contract
provides that a person with a claim against the city could proceed directly against the
contractor without joining the city, but that did not create an obligation on the part of the
surety apart from its agreement to indemnify the city. The lack of a nexus or causal
connection between Elite Construction's breach of warranty and the issuance of the permit
by the City of Lumberton precludes Williams's cause of action against Western Surety
Company. None of the issues raised by Williams in her brief (1) extend the appellee's
liability to her under the facts and theories pleaded in her petition. Her damages accrued,
not by virtue of the permit issued by the City, but because the contractor abandoned the
job after its commencement. We hold that the trial court did not err in entering its
summary judgment. Issues one through six are overruled and the judgment is affirmed.

 AFFIRMED.

 

 PER CURIAM



Submitted on October 8, 2002

Opinion Delivered October 17, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Williams presents the following issues: 1) that she is a third-party beneficiary to
the bond; 2) that the contractor's bond was in full force and effect; 3) that the Court of
Appeals may construe the contractor's bond as a matter of law; 4) that Williams is due the
penal amount of the contractor's bond; 5) that she is entitled to prejudgment interest; and
6) that she is entitled to attorneys' fees.