Affirmed and Memorandum Opinion filed February 19, 2004









Affirmed and Memorandum Opinion filed February 19,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00233-CV

____________

 

JERRY T. EVANS, Appellant

 

V.

 

TEXAS STATE BANK, Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 01-42337

 



 

M E M O R A N D U M   O P I N I O N

The trial court granted a partial summary judgment
for Texas State Bank (Athe Bank@), holding that
Jerry T. Evans (AEvans@) was personally
liable for a corporate debt.  In a single
point of error, Evans contends the Bank failed to present competent summary
judgment evidence that he guaranteed payment of the debt.  We affirm.

 

 

 








FACTUAL AND PROCEDURAL BACKGROUND

In March of 1998, Best Buy RV, Inc.
entered into a $200,000 revolving line of credit with the Bank.  Evans, the president and sole shareholder of
Best Buy RV, personally guaranteed the loan. 
The loan was subsequently renewed and the credit extended.

On December 31, 1999, Best Buy RV executed
a $590,000 renewal loan (Athe December 31, 1999 loan@).  A guaranty of Evans was listed as an
additional term of the loan.  On the same
day, Evans signed a guaranty for Athe payment and
performance of the debt, liability, or obligation . . . and any extensions,
renewals, or replacements thereof.@

On September 26, 2000, Best Buy RV entered
into a $570,645.60 workout loan (Athe workout loan@).  A guaranty of Evans was listed as an
additional term of the loan, but he never signed an additional guaranty.

After Best Buy RV defaulted on the workout
loan, the Bank sued Best Buy RV and Evans. 
The Bank moved for partial summary judgment, claiming that Evans was
liable for the debt.  The trial court
granted the motion and then entered a final judgment based on its ruling.

ANALYSIS

In his point of error, Evans contends
generally that the Bank failed to present competent summary judgment evidence
that he guaranteed payment of the workout loan, and specifically that the Bank
failed to prove that the workout loan was a renewal of the earlier December 31,
1999 loan.  As summary judgment evidence,
the Bank attached an affidavit of its vice president, the December 31, 1999
loan agreement, the guaranty signed by Evans, and the workout loan agreement. 








If a contract is so worded that it can be
given a certain or definite legal meaning or interpretation, then it is not
ambiguous and we will construe it as a matter of law.  Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983).  In construing a written
contract, our primary concern  is to
ascertain the true intentions of the parties as expressed in the contract.  Id. 
This cardinal rule of construction applies to guaranty contracts.  See Preston Ridge Fin. Servs. Corp.
v. Tyler, 796 S.W.2d 772, 775 (Tex. App.CDallas 1990, writ
denied).  The language in a contract is
to be given its plain meaning unless doing so would defeat the parties= intent.  DeWitt County Elec. Coop., Inc. v. Parks,
1 S.W.3d 96, 101 (Tex. 1999).  We will
not interpret a guaranty to extend the guarantor=s obligation by
implication beyond the written terms of the guaranty.  Vastine v. Bank of Dallas, 808 S.W.2d
463, 464 (Tex. 1991).

The guaranty is not ambiguous and we will
construe it as a matter of law.  See
Coker, 650 S.W.2d at 393.  Because
the term Arenewal@ is not defined in
the agreement, we will give the term its plain meaning.  See DeWitt, 1 S.W.3d at
101.  The plain meaning of the term Arenewal@ is Athe replacement of
an old contract with a new contract, as opposed to the mere extension of a
previous . . . contract.@  Black=s Law Dictionary 1299 (7th ed. 1999).[1]

The workout loan was clearly intended as a
replacement of the December 31, 1999 loan. 
The stated purpose of the workout loan was Aworkout,@ defined as A[t]he act of
restructuring or refinancing overdue loans.@  See Black=s Law Dictionary 1600 (7th ed.
1999).  At trial, Evans did not contest
that the workout loan extinguished the original loan; he acknowledged in his
response to the Bank=s motion for partial summary judgment that
the original loan was Apaid by the renewal of the [workout loan].@[2]  This evidence indicates the parties
objectively intended the workout loan as the Areplacement of an
old contract with a new contract.@  See id. 








The testimony through the affidavit of the
Bank=s vice president
also confirms that the workout loan was a renewal.  In her affidavit, the vice president states
that the workout loan is a renewal of the December 31, 1999 loan.  She also points out that the December 31,
1999 loan contains a handwritten notation from the Bank=s processing
department that it was renewed.  And,
this notation gives the loan number assigned to the renewal, which is the
workout loan number. Finally, the workout loan lists as an additional term the Aguaranty of Jerry
T. Evans@; the additional
terms were typed into the form and thus stood out because they were larger than
the type on the pre-printed form.  These
terms appeared on the page very near the signature line containing Evans=s signature.  This is additional evidence supporting the
Bank=s claim that the
guaranty signed in December of 1999 was intended to be used as a guaranty for
the workout loan. 

We conclude that the Bank established as a
matter of law that the workout loan was a renewal of the original loan.  There being no evidence to rebut this claim,
we affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed February 19, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.











[1]  A Arenewal note@ is also
defined as A[a] note that continues an obligation that was due
under a prior note.@  Black=s Law Dictionary 1086 (7th ed. 1999).





[2]  On appeal,
Evans contends the bank failed to follow its supposed procedures for renewal of
a loan.  He notes that the workout loan
has no entry in the space provided for renewal information, the workout loan
has a different loan number than the December 31, 1999 loan, and the workout
loan has a different stated purpose than the December 31, 1999 loan.  In light of the evidence supporting the claim
that the workout loan was a renewal, these facts by themselves do not create a
fact issue.