COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-048-CV
 
  
HARRISON, 
WALKER                                                           APPELLANTS
& 
HARPER, L.P. AND WHITE
OAK 
INDEPENDENT SCHOOL
DISTRICT
 
 
V.
 
 
FEDERATED 
MUTUAL                                                               APPELLEE
INSURANCE 
COMPANY
 
 
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants, 
Harrison, Walker & Harper, L.P. (HWH) and White Oak Independent School 
District (White Oak), filed this suit against Appellee, Federated Mutual 
Insurance Company (Federated), alleging breach of contract for failure to 
perform under a performance and payment bond. All parties filed motions for 
summary judgment. In its final judgment, the trial court denied HWH and White 
Oak’s motion for summary judgment and granted Federated’s motion for summary 
judgment, ordering that Appellants take nothing on their claim against Appellee. 
Because we hold that HWH does not have standing to bring this suit and that 
there are no issues of material fact regarding White Oak’s breach of contract 
claim, we affirm the trial court’s judgment.
Background Facts
        White 
Oak hired HWH to be the general contractor and construction manager for a 
construction project. HWH then subcontracted with A & H Electric Company 
(A&H) to do the electrical work on the project. Pursuant to the terms of the 
subcontract, A&H obtained a performance and payment bond from Federated. The 
bond identifies the owner as White Oak and the contractor as A&H and 
describes the construction contract as “electrical installation for a new food 
facility for White Oak I.S.D.” in the amount of $158,770. It appears from the 
record that this bond was in place before A&H began work on the project.
        Although 
it is not clear from the record what work the project originally included, 
because the complete White Oak and HWH contract is absent from the record, an 
HWH affidavit provides that the contract was initially for construction of a new 
cafeteria only. As the work on the project progressed, HWH agreed to change the 
contract to include work on White Oak’s new library. The construction on the 
library also required electrical work. Once the change order was issued for the 
White Oak and HWH contract, HWH issued a change order for its subcontract with 
A&H, describing the additional work as “[l]abor and material to complete 
the electrical installation at the new Library” for $59,000. Despite the 
changes made to both the White Oak and HWH contract and the HWH and A&H 
contract, no change was made to the bond and no new bond was purchased.
        After 
finishing the cafeteria but before finishing the library, A&H informed HWH 
that it would not be returning to the job. HWH then notified Federated of 
A&H’s default and its possible claim on the bond. HWH made a $32,000 
settlement demand on the bond to Federated. Federated requested additional 
documentation to prove HWH’s claim but did not otherwise respond to the 
demand. Because Federated did not otherwise respond, HWH filed this suit, and 
White Oak joined four months later. Federated then filed a motion for summary 
judgment alleging that HWH did not have standing to bring a breach of contract 
claim on the bond, that Federated did not breach any obligation under the bond 
because A&H had performed the work owed to White Oak and guaranteed by the 
bond, and that the library work was a material alteration to the contract on 
which the bond was issued. In one joint document, HWH and White Oak responded to 
Federated’s motion for summary judgment and brought their own motion for 
summary judgment. The trial court, in its final judgment, generally granted 
Federated’s motion for summary judgment and denied HWH and White Oak’s 
motion for summary judgment. In two issues, HWH and White Oak now argue that the 
trial court erred by granting Federated’s motion for summary judgment and 
denying their motion for summary judgment. We disagree.
Third-Party Beneficiary
        First, 
HWH specifically argues that the trial court erred to the extent that it held it 
did not have standing as a third-party beneficiary to sue for breach of the 
bond. We disagree. A third party may enforce and recover on a contract made 
between other parties only if the contracting parties intend to secure a benefit 
to that third party, and only if the contracting parties entered into the 
contract directly for the third party’s benefit.[2]  
A third party, however, does not have a right to enforce the contract if it 
received only an incidental benefit.[3]  Because 
a court will not create a third-party-beneficiary contract by implication, an 
agreement must clearly and fully express an intent to confer a direct benefit to 
the third party.[4]  To determine the contracting 
parties’ intent, courts must examine the entire agreement and give effect to 
all the contract’s provisions so that none are rendered meaningless.[5]
        To 
prove that a party may recover as an intended third-party beneficiary, the party 
must show that it is either a “donee” or “creditor” beneficiary of the 
contract.[6]  An agreement benefits a “donee” 
beneficiary if, under the contract, the performance promised will, when 
rendered, come to the beneficiary as a pure donation.[7]  
An agreement benefits a “creditor” beneficiary if, under the contract, the 
performance will come to the beneficiary in satisfaction of a legal duty owed to 
it by the promisee.[8] This duty may be an 
indebtedness, contractual obligation, or other legally enforceable commitment 
owed to the third party.[9]
        In 
this case, the bond is a contract between Federated as surety and A&H as 
principal for the express benefit of White Oak as owner. The face of the bond 
expressly names White Oak as the owner to whom the performance is due and 
A&H as the contractor who is to perform; it does not mention HWH. Therefore, 
the express terms of the bond make White Oak a creditor beneficiary; they do not 
make HWH either a donee beneficiary or a creditor beneficiary. Consequently, 
applying the appropriate standard of review,[10]  
the trial court did not err to the extent that it held that HWH does not have 
standing to sue on the bond.
Surety Liability
        Appellants 
also specifically argue that the trial court erred to the extent that it held 
that no issues of material fact exist regarding Federated’s liability to White 
Oak under the bond. We disagree.
        The 
liability of a surety is determined by the language of the bond itself.[11]  Texas courts apply the rule of strictissimi 
juris (“of the strictest right or law”) in interpreting guaranty 
agreements to refrain from extending the guarantor’s obligation by implication 
beyond the written terms of the agreement.[12]  
It is well settled in Texas that a guarantor may rely and insist upon the terms 
and conditions of the guaranty being strictly followed.[13]  
If the creditor and principal debtor vary in any material degree from the terms 
of their contract, then a new contract has been formed and the guarantor is not 
bound to it.[14] Thus, the surety is only liable for 
a default in the performance by the principal of the specific contractual 
obligations guaranteed by the bond.[15]
        In 
this case, the bond defines the “construction contract” that the bond 
guarantees as “[t]he agreement between the Owner and the Contractor identified 
on the signature page, including all Contract Documents and changes 
thereto.”  The signature page names the Owner as “White Oak Independent 
School District” and the Contractor as “A&H Electric Co.”  There 
is not a written contract between White Oak and A&H evidencing the work that 
A&H was to perform.  Although Appellants argue that the contract the 
bond references is clearly the subcontract between HWH and A&H, the 
subcontract by its own terms negates this argument.  The subcontract states 
that “[t]he Subcontract Documents shall not be construed to create a 
contractual relationship of any kind . . . between the Owner [White Oak] and the 
Subcontractor [A&H].”  Therefore, the only evidence of a contract 
between A&H and White Oak showing A&H’s obligation guaranteed by the 
bond is the bond’s description of the contract as “electrical installation 
for new food facility for White Oak I.S.D.”
        Because 
it is undisputed that A&H did complete the electrical installation for the 
new cafeteria, once that work was complete, Federated had no obligation under 
the bond.  The alleged change in A&H’s obligation to White Oak was 
not covered by the contract the bond guarantees.  Therefore, any change to 
the alleged A&H and White Oak contract was material and constitutes a new 
contract for which Federated is not bound.
        Applying 
the appropriate standard of review,[16]  we hold 
that the trial court did not err to the extent that it held no issues of 
material fact exist regarding Federated’s obligation to White Oak under the 
bond.  Therefore, we overrule Appellants’ first issue.  Having held 
that the trial court did not err in granting Federated’s motion for summary 
judgment, we do not reach Appellants’ second issue, which challenges the 
denial of their motion for summary judgment.[17]
Conclusion
        Having 
held that the summary judgment in favor of Federated was proper, we affirm the 
trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
PANEL B:   DAUPHINOT 
and HOLMAN, JJ.
DELIVERED: 
April 1, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002).
3.  
Id.
4.  
Id.
5.  
Id.
6.  
Id.
7.  
Id.
8.  
Id.
9.  
Id.
10.  
Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. 
Grant, 73 S.W.3d 211, 215 (Tex. 2002); KPMG Peat Marwick v. Harrison 
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Rhone-Poulenc, 
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
11.  
See Beard Family P’ship v. Commercial Indem. Ins. Co., 116 S.W.3d 839, 
846 (Tex. App.—Austin 2003, no pet.); Augusta Court Co-Owners’ Ass’n v. 
Levin, Roth & Kasner, 971 S.W.2d 119, 123 (Tex. App.—Houston 
[14th Dist.] 1998, pet. denied).
12.  
Vastine v. Bank of Dallas, 808 S.W.2d 463, 464 (Tex. 1991); Augusta 
Court Co-Owners’ Ass’n, 971 S.W.2d at 123.
13.  
Vastine, 808 S.W.2d at 464.
14.  
Id.
15.  
See Beard Family P’ship, 116 S.W.3d at 846.
16. 
 
Tex. R. Civ. P. 166a(c); S.W. 
Elec. Power Co., 73 S.W.3d at 215; KPMG Peat Marwick, 988 S.W.2d at 
748; Rhone-Poulenc, 997 S.W.2d at 223.
17.  
See Tex. R. App. P. 47.1.