Harrison, Walker & Harper, L.P and White Oak Independent School District v. Federated Mutual Insurance Company

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-048-CV

HARRISON, WALKER APPELLANTS

& HARPER, L.P. AND WHITE

OAK INDEPENDENT SCHOOL

DISTRICT 

V.

FEDERATED MUTUAL APPELLEE

INSURANCE COMPANY 

------------

FROM THE 141
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants, Harrison, Walker & Harper, L.P. (HWH) and White Oak Independent School District (White Oak), filed this suit against Appellee, Federated Mutual Insurance Company (Federated), alleging breach of contract for failure to perform under a performance and payment bond.  All parties filed motions for summary judgment.  In its final judgment, the trial court denied HWH and White Oak’s motion for summary judgment and granted Federated’s motion for summary judgment, ordering that Appellants take nothing on their claim against Appellee.  Because we hold that HWH does not have standing to bring this suit and that there are no issues of material fact regarding White Oak’s breach of contract claim, we affirm the trial court’s judgment.

Background Facts

White Oak hired HWH to be the general contractor and construction manager for a construction project.  HWH then subcontracted with A & H Electric Company (A&H) to do the electrical work on the project.  Pursuant to the terms of the subcontract, A&H obtained a performance and payment bond from Federated.  The bond identifies the owner as White Oak and the contractor as A&H and describes the construction contract as “electrical installation for a new food facility for White Oak I.S.D.” in the amount of $158,770.  It appears from the record that this bond was in place before A&H began work on the project.

Although it is not clear from the record what work the project originally included, because the complete White Oak and HWH contract is absent from the record, an HWH affidavit provides that the contract was initially for construction of a new cafeteria only.  As the work on the project progressed, HWH agreed to change the contract to include work on White Oak’s new library.  The construction on the library also required electrical work.  Once the change order was issued for the White Oak and HWH contract, HWH issued a change order for its subcontract with A&H, describing the additional work as “[l]abor and material to complete the electrical installation at the new Library” for $59,000.  Despite the changes made to both the White Oak and HWH contract and the HWH and A&H contract, no change was made to the bond and no new bond was purchased.

After finishing the cafeteria but before finishing the library, A&H informed HWH that it would not be returning to the job.  HWH then notified Federated of A&H’s default and its possible claim on the bond.  HWH made a $32,000 settlement demand on the bond to Federated.  Federated requested additional documentation to prove HWH’s claim but did not otherwise respond to the demand.  Because Federated did not otherwise respond, HWH filed this suit, and White Oak joined four months later.  Federated then filed a motion for summary judgment alleging that HWH did not have standing to bring a breach of contract claim on the bond, that Federated did not breach any obligation under the bond because A&H had performed the work owed to White Oak and guaranteed by the bond, and that the library work was a material alteration to the contract on which the bond was issued.  In one joint document, HWH and White Oak responded to Federated’s motion for summary judgment and brought their own motion for summary judgment.  The trial court, in its final judgment, generally granted Federated’s motion for summary judgment and denied HWH and White Oak’s motion for summary judgment.  In two issues, HWH and White Oak now argue that the trial court erred by granting Federated’s motion for summary judgment and denying their motion for summary judgment.  We disagree.

Third-Party Beneficiary

First, HWH specifically argues that the trial court erred to the extent that it held it did not have standing as a third-party beneficiary to sue for breach of the bond.  We disagree.  A third party may enforce and recover on a contract made between other parties only if the contracting parties intend to secure a benefit to that third party, and only if the contracting parties entered into the contract directly for the third party’s benefit.
(footnote: 2)  A third party, however, does not have a right to enforce the contract if it received only an incidental benefit.
(footnote: 3)  Because a court will not create a third-party-beneficiary contract by implication, an agreement must clearly and fully express an intent to confer a direct benefit to the third party.
(footnote: 4)  To determine the contracting parties’ intent, courts must examine the entire agreement and give effect to all the contract’s provisions so that none are rendered meaningless.
(footnote: 5)
 To prove that a party may recover as an intended third-party beneficiary, the party must show that it is either a “donee” or “creditor” beneficiary of the contract.
(footnote: 6)  An agreement benefits a “donee” beneficiary if, under the contract, the performance promised will, when rendered, come to the beneficiary as a pure donation.
(footnote: 7)  An agreement benefits a “creditor” beneficiary if, under the contract, the performance will come to the beneficiary in satisfaction of a legal duty owed to it by the promisee.
(footnote: 8)  This duty may be an indebtedness, contractual obligation, or other legally enforceable commitment owed to the third party.
(footnote: 9)
 In this case, the bond is a contract between Federated as surety and A&H as principal for the express benefit of White Oak as owner.  The face of the bond expressly names White Oak as the owner to whom the performance is due and A&H as the contractor who is to perform; it does not mention HWH. Therefore, the express terms of the bond make White Oak a creditor beneficiary; they do not make HWH either a donee beneficiary or a creditor beneficiary.  Consequently, applying the appropriate standard of review,
(footnote: 10) the trial court did not err to the extent that it held that HWH does not have standing to sue on the bond.

Surety Liability

Appellants also specifically argue that the trial court erred to the extent that it held that no issues of material fact exist regarding Federated’s liability to White Oak under the bond.  We disagree.

The liability of a surety is determined by the language of the bond itself.
(footnote: 11)  Texas courts apply the rule of 
strictissimi juris
 (“of the strictest right or law”) in interpreting guaranty agreements to refrain from extending the guarantor’s obligation by implication beyond the written terms of the agreement.
(footnote: 12)  It is well settled in Texas that a guarantor may rely and insist upon the terms and conditions of the guaranty being strictly followed.
(footnote: 13)  If the creditor and principal debtor vary in any material degree from the terms of their contract, then a new contract has been formed and the guarantor is not bound to it.
(footnote: 14)  Thus, the surety is only liable for a default in the performance by the principal of the specific contractual obligations guaranteed by the bond.
(footnote: 15)
 In this case, the bond defines the “construction contract” that the bond guarantees as “[t]he agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.”  The signature page names the Owner as “White Oak Independent School District” and the Contractor as “A&H Electric Co.”  There is not a written contract between White Oak and A&H evidencing the work that A&H was to perform.  Although Appellants argue that the contract the bond references is clearly the subcontract between HWH and A&H, the subcontract by its own terms negates this argument.  The subcontract states that “[t]he Subcontract Documents shall not be construed to create a contractual relationship of any kind . . . between the Owner [White Oak] and the Subcontractor [A&H].”  Therefore, the only evidence of a contract between A&H and White Oak showing A&H’s obligation guaranteed by the bond is the bond’s description of the contract as “electrical installation for new food facility for White Oak I.S.D.”

Because it is undisputed that A&H did complete the electrical installation for the new cafeteria, once that work was complete, Federated had no obligation under the bond.  The alleged change in A&H’s obligation to White Oak was not covered by the contract the bond guarantees.  Therefore, any change to the alleged A&H and White Oak contract was material and constitutes a new contract for which Federated is not bound.

Applying the appropriate standard of review,
(footnote: 16) we hold that the trial court did not err to the extent that it held no issues of material fact exist regarding Federated’s obligation to White Oak under the bond.  Therefore, we overrule Appellants’ first issue.  Having held that the trial court did not err in granting Federated’s motion for summary judgment, we do not reach Appellants’ second issue, which challenges the denial of their motion for summary judgment.
(footnote: 17)

Conclusion

Having held that the summary judgment in favor of Federated was proper, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.

DELIVERED:  April 1, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Stine v. Stewart
, 80 S.W.3d 586, 589 (Tex. 2002).

3:
Id
.

4:
Id
.

5:
Id
.

6:
Id
.

7:
Id
.

8:
Id
.

9:
Id
.

10:
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
Rhone-Poulenc
,
 Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999)
.

11:
See Beard Family P’ship v. Commercial Indem. Ins. Co.
, 116 S.W.3d 839, 846 (Tex. App.—Austin 2003, no pet.); 
Augusta Court Co-Owners’ Ass’n v. Levin
,
 Roth & Kasner
, 971 S.W.2d 119, 123 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

12:
Vastine v. Bank of Dallas
, 808 S.W.2d 463, 464 (Tex. 1991); 
Augusta Court Co-Owners’ Ass’n
, 971 S.W.2d at 123.

13:
Vastine
, 808 S.W.2d at 464.

14:
Id
.

15:
See Beard Family P’ship
, 116 S.W.3d at 846.

16:
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co.
,
 
73 S.W.3d at 215; 
KPMG Peat Marwick
, 988 S.W.2d at 748; 
Rhone-Poulenc
, 997 S.W.2d at 223
.

17:
See
 
Tex. R. App. P.
 47.1.