02-12-065-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00065-CV

 

 


 
 
 TWI
 XVIII, Inc. and Texas Wings, Inc.
  
  
  
 v.
  
  
 Christopher
 S. Carroll Number 1, Ltd.
 
 
 §
  
  
 §
  
  
 §
  
  
 §
  
  
 
 
 From the 211th District
 Court
  
  
 of
 Denton County (2009-30008-211)
  
  
 February
 7, 2013
  
  
 Opinion
 by Justice Gabriel
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellants TWI XVIII, Inc. and Texas Wings, Inc. shall
pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00065-CV


 
 
 TWI XVIII, INc. and Texas Wings, Inc.
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Christopher S. Carroll Number 1, Ltd.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 211th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellants
TWI XVIII, Inc. and Texas Wings, Inc. appeal the trial court’s judgment
awarding Christopher S. Carroll Number 1, Ltd. (Carroll) $869,950 for TWI’s breach
of a lease between it and Carroll.  We affirm.

Background
Facts

          In
June 1998, Carroll and TWI entered into a lease agreement for property in
Lewisville, Texas, where TWI planned to operate a Hooters restaurant.  TWI
operated the restaurant until August 2008.  At that time, TWI notified Carroll
that it was exercising its option to renew the lease.  TWI then offered to buy
the premises, but the parties could not agree on a purchase price.  The parties
then tried to negotiate a fair market rent for the renewal lease term, but they
again failed to reach agreement.  Because they could not agree on rent, TWI
notified Carroll that it would be vacating the leased premises on August 31,
2008.

          In
January 2009, Carroll sued TWI for breach of contract and sought a declaratory
judgment stating that TWI was bound by its renewal of the lease and was
obligated to pay rent under the contract.  Carroll joined Texas Wings in the
action, claiming that Texas Wings had “agreed to guarantee performance of all
liabilities, obligations[,] and duties imposed upon Defendant TWI by the Lease.”

          Carroll
then filed a motion for partial summary judgment, which the trial court
granted.  The trial court found that TWI had exercised its option to renew the
lease and that it had breached the lease by vacating the property and failing
to pay rent.  On November 15 and 16, 2011, trial was held on the remaining
claims.  The trial court found in favor of Carroll and ordered that TWI and
Texas Wings were jointly and severally liable to Carroll for $869,950.

          TWI
and Texas Wings filed a request for findings of fact and conclusions of law on
December 9, 2011, and a notice of past due findings of fact and conclusions of
law on January 6, 2012.  The trial court filed its findings of fact and
conclusions of law on January 18, 2012.  On January 31, 2012, TWI and Texas
Wings filed a “Request for Amended and Additional Findings of Fact and
Conclusions of Law.”  They requested that the trial court amend two findings of
fact, remove one conclusion of law, file two additional findings of fact, and file
additional findings of fact and conclusions of law addressing twelve different
issues.  The trial court then entered two additional findings of fact and one
additional conclusion of law.

          On
February 14, 2012, TWI and Texas Wings filed another request for additional
findings of fact and conclusions of law.  They requested additional findings
and conclusions on twelve different specified categories of damages.  The trial
court did not enter any additional findings of fact and conclusions of law. 
TWI and Texas Wings then filed this appeal.

Discussion

1.
Findings of fact and conclusions of law

          In
the appellants’ first issue, they claim that the trial court committed harmful
error by refusing to file findings of fact and conclusions of law specifically
related to each of the ten grounds of recovery that Carroll had pleaded.

The
trial court issued its findings and conclusions on January 18, 2012.  Finding
number 6 stated, “Based on the evidence at trial, the Court found that
[Carroll] had suffered damages as a result of TWI[’s] breach of the lease in
the amount of $869,950.00 including reasonable and necessary attorneys’ fees
incurred by [Carroll].”  TWI and Texas Wings timely filed a request for amended
and additional findings and conclusions stating, “Defendants hereby ask the
Court to file additional findings of fact and conclusions of law addressing the
following,” and listed twelve categories of damages, including unpaid rent, the
difference between the amount of rent paid by the replacement tenant and the
amount of rent that TWI should have paid, unpaid taxes, late fees, unpaid
maintenance fees, broker’s commissions, finish-out costs, contractual interest,
unpaid premiums, costs, and attorneys’ fees.

The
court filed additional findings and conclusions that included additional
finding of fact number 14, which stated,

Based on the evidence
at trial, the Court found that Plaintiff had suffered damages resulting from
TWI[’s] breach of the lease including the elements of damage listed below from
which the total amount of damages awarded was found.  These damages together
with Plaintiff’s reasonable and necessary attorneys’ fees and expenses were
aggregated and this aggregated amount was awarded to the Plaintiff in the
Court’s final judgment.  The following elements of damage together with
reasonable and necessary attorneys’ fees and expenses were considered by the
Court in its determination of Plaintiff’s total recovery:

 

A. Unpaid “rent” from
September 1, 2008 until Landlord began receiving rent from a replacement tenant
. . . .

 

B. The difference
between amount of rent paid by [the] replacement tenant and the amount of
“rent” that should have been paid by TWI . . . from September 1, 2008 until the
end of the renewal term of the Lease. . . . 

 

C. Reimbursement to
Plaintiff for unpaid taxes [that] were due from TWI . . . . 

 

D. Late fees [that]
had become due under the terms of the lease and which had not been paid by TWI
. . . . 

 

E. Unpaid maintenance
fees [that] had become due under the terms of the lease and which had not been
paid by TWI . . . . 

 

F. Reasonable and
necessary Broker’s Commissions paid by Plaintiff in obtaining a replacement
tenant.

 

G. Amounts, if any,
which in reasonable probability will become due in the future by Plaintiff for
finish-out of the property . . . to the extent such reimbursement obligation
was reasonably and necessarily undertaken by Plaintiff to obtain a replacement
tenant to occupy the Lease premises during the un-expired term of the Lease.

 

H. Contractual interest [that] had
become due under the terms of the lease and which had not been paid by TWI . .
. .

          TWI
and Texas Wings’s second request for additional findings of fact requested that
the trial court file “additional findings of fact and conclusions of law
identifying the specific amount of damages awarded by the Court for each of
the” same categories of damages listed in their first request for additional
findings and conclusions.  This second request was filed twenty-seven days
after the trial court signed its original findings of fact and conclusions of
law.  The second request was therefore untimely under the rules of civil
procedure.  See Tex. R. Civ. P. 298 (requiring requests for additional
or amended findings of fact and conclusions of law to be filed within ten days
after the filing of the original findings and conclusions by the court).  While
the rule implies that more than one request may be made, see id.
(stating that “[e]ach request” for additional findings and conclusions must be
served on each party), it also specifies that the timeliness of every request
must be calculated from the filing of the original findings and conclusions
filed by the trial court.  TWI and Texas Wings had the opportunity to specify
to the trial court exactly what additional findings and conclusions they wished
were filed, and indeed, they took advantage of that opportunity by filing their
first request with seventeen specific amendments and additional requests.  The
trial court filed the additional findings, which directly addressed the
appellants’ requests.  Clearly, the appellants were dissatisfied that the trial
court did not itemize its damage award, but their first request for additional
findings did not request a specific breakdown, and the trial court was
therefore not required to provide one.  See Eikenhorst v. Eikenhorst,
746 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1988, no writ) (“Generally,
the balance of the appellant’s requested findings of fact seek to obtain more
specific findings than the court had made in its initial findings.  Although
the trial court could have made more findings of fact, we can find nothing in [rule]
296 that requires a trial court to make findings of fact with such specificity
as the appellant requested in the instant case.”).  The trial court did not err
by failing to file additional findings.  We overrule the appellants’ first
issue.

2. Unpleaded
relief 

          In
their second issue, the appellants argue that the trial court erred in awarding
postjudgment interest because Carroll did not plead to recover it.  Postjudgment
interest is recoverable on any money judgment in this state as long as the
judgment specifies the postjudgment interest rate.  Tex. Fin. Code Ann. § 304.001
(West 2006); see RAJ Partners, Ltd. v. Darco Constr. Corp., 217
S.W.3d 638, 653 (Tex. App.—Amarillo 2006, no pet.) (“[P]ostjudgment interest is
mandated by statute, and is recoverable even if the trial court's judgment does
not mention it.”).  Statutory interest may also be predicated on a prayer for
general relief.  Benavidez v. Isles Constr. Co., 726 S.W.2d 23, 25 (Tex.
1987).  Carroll was therefore not required to specifically plead for
postjudgment interest.  For that reason, the trial court did not err in
granting postjudgment interest; we overrule the appellants’ second issue.

3.
The guaranty

          In
their third issue, the appellants claim that the trial court erred by finding
that Texas Wings guaranteed the lease.  The guaranty agreement states,

In order to induce [Carroll] . . . to execute the Lease
Agreement made effective as of the 19th day of June, 1998, (the “Lease”) to
TEXAS WINGS, INC. for that certain Leased Property situated in the City of
Lewisville, Texas, for the operation of a Hooter’s restaurant, more particularly
described on Exhibit “A” hereto, the undersigned (whether one or more than one)
has guaranteed and by this instrument does hereby guarantee the payment and
performance of all liabilities, obligations[,] and duties (including, but not
limited to, payment of rent) imposed upon Tenant under the terms of the Lease . . . .

The
appellants argue that the guaranty refers to a lease between Carroll and Texas
Wings, but the lease at issue is between Carroll and TWI.  They also claim that
the lease referred to in the guaranty was to be attached as Exhibit A, but the
guaranty that Carroll submitted into evidence has no Exhibit A attached to it.

We
construe a guaranty as any other contract.  Mid-South
Telecomm. Co. v. Best, 184 S.W.3d 386, 390 (Tex. App.—Austin 2006, no
pet.).  In construing a written contract, the primary concern of the court is
to ascertain the true intentions of the parties as expressed in the instrument.
 Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 662 (Tex. 2005).  Courts
should examine the entire writing “to harmonize and give effect to all the
provisions of the contract so that none will be rendered meaningless.”  Id.
 Contact terms are given their plain, ordinary, and generally accepted meanings
unless the contract itself shows them to be used in a technical or different
sense.  Id.  “We construe contracts ‘from a utilitarian standpoint
bearing in mind the particular business activity sought to be served’ and ‘will
avoid when possible and proper a construction [that] is unreasonable,
inequitable, and oppressive.’”  Frost Nat’l Bank v. L & F Distribs.,
Ltd., 165 S.W.3d 310, 312 (Tex. 2005) (quoting Reilly v. Rangers Mgmt.,
Inc., 727 S.W.2d 527, 530 (Tex. 1987)).  We must look at all of the
contract’s parts together and be “particularly wary of isolating from its
surroundings or considering apart from other provisions a single phrase,
sentence, or section of a contract.”  State Farm Life Ins. Co. v. Beaston,
907 S.W.2d 430, 433 (Tex. 1995).  We presume that the parties to a contract
intend every clause to have some effect.  Heritage Res., Inc. v. NationsBank,
939 S.W.2d 118, 121 (Tex. 1996).

The
appellants argue that the rule of strictissmi juris requires that the guaranty
be strictly construed and that it may not be extended by construction or
implication beyond its precise terms.  See Vastine v. Bank of Dallas,
808 S.W.2d 463, 464 (Tex. 1991).  They claim that because the guaranty refers
to a lease between Carroll and Texas Wings, it cannot be construed to mean a
lease between Carroll and TWI.  However, the rule of strictissmi juris only
applies when ordinary rules of contract construction render the parties’
obligations uncertain or ambiguous.  JMW Partners, L.P. v. Northstar Bank of
Tex., No. 02-09-00167, 2010 WL 2331399, at *4 (Tex. App.—Fort Worth June
10, 2010, no pet.); Pham v. Mongiello, 58 S.W.3d 284, 288 (Tex. App.—Austin
2001, pet. denied).  A contract is ambiguous when its meaning is uncertain and
doubtful or when it is reasonably susceptible to more than one meaning.  JMW
Partners, 2010 WL 2331399, at *4; Pham, 58 S.W.3d at 288.  That the
parties to a contract disagree over the interpretation of the contract does not
necessarily render it ambiguous.  Pham, 58 S.W.3d at 288.  Likewise,
uncertainty or a lack of clarity in the language used in the contract does not
automatically render it ambiguous.  Id.  And an ambiguity does not arise
simply because the parties advance conflicting interpretations; rather, for an
ambiguity to exist, both interpretations must be reasonable.  Lopez v.
Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 861 (Tex. 2000); Sefzik
v. Mady Dev., L.P., 231 S.W.3d 456, 460 (Tex. App.—Dallas 2007, no pet.).  An
ambiguity exists only after application of established rules of interpretation
leaves an agreement susceptible to more than one reasonable interpretation.  DeWitt
County Elec. Coop. Inc. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999).

Looking
at the contract as a whole, it is clear that the intent of the guaranty was
that Texas Wings would guaranty the lease between Carroll and TWI for the
Lewisville Hooter’s restaurant.  The appellants’ construction, that Texas Wings
was guarantying its own performance under a lease between itself and Carroll,
is not a reasonable interpretation.  The guaranty was submitted into evidence
as “Exhibit D” to the lease for the Lewisville Hooters.  Section 4.1 of the
lease states, “As additional security, Texas Wings, Inc., shall irrevocably and
unconditionally guaranty [TWI]’s obligation to [Carroll] under this Lease in
the form attached hereto as Exhibit “D.”  The lease was signed on
June 19, 1998 by John N. Crowder, as President of TWI.  Following the lease was
Exhibit A, a description of the Lewisville property; Exhibit B, a list of
attached personal property on the Lewisville property; Exhibit C, an
“Acknowledgment of Rent Commencement Date”; Exhibit D, the guaranty; and
Exhibit E, an insurance policy.  The guaranty agreement was also signed by John
N. Crowder, as Treasurer of Texas Wings, on the same day as he signed the
lease.  The lease, guaranty, and Exhibits A–D all have a footer that states
“Hooter’s Lewisville Lease.” Further, to construe the guaranty to say that
Texas Wings did not guaranty the lease between TWI and Carroll would render
meaningless section 4.1 of the contract, which states that Texas Wings
“irrevocably and unconditionally guarant[eed] [TWI]’s obligation to [Carroll]
under this Lease.”

The
appellants’ argument that the guaranty should have had an “Exhibit A” attached
to it, which would presumably describe some other Lewisville Hooters leased to
Texas Wings, is also unconvincing.  The guaranty states that it is applicable
to “that certain Leased Property situated in the City of Lewisville, Texas, for
the operation of a Hooter’s restaurant, more particularly described on Exhibit
‘A’ hereto.”  It does not say that there is an exhibit attached to the guaranty;
it refers to the Exhibit A to the lease to which the guaranty agreement is
attached as Exhibit D.  Exhibit A to the lease describes the Lewisville
Hooter’s location at issue in this case.

Construing
the guaranty under the established rules of contract interpretation leaves only
one reasonable interpretation, that the lease and the guaranty are part of the
same transaction, and we construe them together.  See id. at 102.  The
guaranty, signed by Texas Wings, guaranteed TWI’s performance under the Lewisville
Hooter’s lease.  We overrule the appellants’ third issue.[2]

4. 
Attorneys’ fees

          The
appellants claim in their fourth issue that Carroll failed to prove the amount
of reasonable attorneys’ fees that it incurred.  They argue that Carroll failed
to segregate the recoverable fees from fees for claims for which fees are not
recoverable.  The appellants, however, did not object to the trial court
regarding segregation.  If no objection is made to the fact that the attorneys’
fees are not segregated as to specific claims, then the objection is waived.  Green
Int’l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997).  The appellants did
not object at trial, or in their motion for new trial, and have thus waived
their complaint.  See Tex. R. App. P. 33.1; Hruska v. First State
Bank of Deanville, 747 S.W.2d 783, 785 (Tex. 1988).  We overrule the
appellants’ fourth issue.

Conclusion

          Having
overruled TWI and Texas Wings’s issues on appeal, we affirm the trial court’s
judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and GABRIEL, JJ.

 

DELIVERED:  February 7, 2013








 









[1]See Tex. R. App. P. 47.4.





[2]Because we agree with the
trial court’s conclusion of law number 11—that the guaranty was unambiguous—we
do not need to address the arguments raised in the appellants’ reply brief that
contend that Carroll was required to plead mistake or ambiguity.